91 F.3d 165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gary W. BARNES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent,
and
United States Postal Service, Intervenor.
 No. 95-3333.
 United States Court of Appeals, Federal Circuit.
 April 12, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The Merit Systems Protection Board moves for summary affirmance of the Board's decision dismissing Gary W. Barnes's appeal as untimely. The Board states that Barnes opposes. Barnes, however, has not filed an opposition. The Board states that the United States Postal Service consents.
 
 
 2
 This petition for review stems from the restructuring the Postal Service implemented in 1992 and 1993. The case was stayed pending the resolution of Krizman v. Merit Sys. Protection Bd., 77 F.3d 434 (Fed.Cir.1996), and a companion case, Mueller et al. v. Merit Sys. Protection Bd., 76 F.3d 1198 (Fed.Cir.1996).
 
 
 3
 Barnes, a preference eligible employee, accepted an early retirement incentive offered during the restructuring and retired from the Postal Service with a lump-sum bonus. In 1994, some two years after retiring, Barnes filed an appeal with the Board asserting that his retirement was involuntary.*
 
 
 4
 The Administrative Judge (AJ) dismissed the appeal finding that it was untimely and that Barnes had not established good cause to excuse the untimeliness. In finding an absence of good cause, the AJ determined that retirement is presumed to be voluntary and an employee who retires is not entitled to notice of appeal rights unless the employee informs the agency that he or she considers the retirement involuntary. The AJ noted that Barnes never claimed that he had notified the Postal Service that he believed his retirement to be involuntary. Thus, the AJ concluded that Barnes had failed to show good cause for his untimely appeal. This petition for review followed.
 
 
 5
 In Krizman and Mueller, petitioners contended that the Postal Service misinformed them about the nature of the restructuring, i.e., that it was in fact a reduction in force (RIF), and failed to inform them of the attendant rights for preference eligibles faced with a RIF. We held that only those employees who were released from their competitive level by separation, by demotion, or by certain furloughs or reassignments were subjected to an appealable RIF action and were, therefore, entitled to notification of appeal rights. Krizman, 77 F.3d at 438-39; Mueller, 76 F.3d at 1201. Because Krizman and Mueller had not been assigned to lower-graded positions, they were not entitled to notification of appeal rights. Further, in Mueller we held that an employee's retirement is presumed to be voluntary. Mueller, 76 F.3d at 1201. Because the petitioners did not place the Postal Service on notice that they considered their retirements to be involuntary, the Postal Service did not violate a duty to notify petitioners of their appeal rights. We concluded in both cases that the Board's interpretation of its good cause regulation was reasonable and that the Board did not abuse its discretion in applying that regulation to the facts of each case. Krizman, 77 F.3d at 440; Mueller, 76 F.3d at 1204.
 
 
 6
 We agree with the Board that its decision in this case should be summarily affirmed based on our holdings in Krizman and Mueller. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In this case, although Barnes has not responded to the Board's motion for summary affirmance, we note that Barnes has filed an informal brief. In his brief, Barnes contends that the Postal Service should have known that its restructuring would be characterized as a RIF and advised him of his rights. Further, Barnes argues that he attempted to "protest" before retiring. However, he concedes that he never placed the Postal Service on notice at the time he retired that he considered his retirement to be involuntary. Barnes thus raises the same issues decided by the court in Krizman and Mueller.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Board's motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.
 
 
 
 *
 In his informal brief, Barnes attaches an undated letter from the Postal Service addressed to preference eligible retirees. In this letter, the Postal Service states:
 It is the position of the Postal Service that your retirement was voluntary. However, if you believe that your retirement from the Postal Service during the fall of 1992 was involuntary, and if you have not already filed an appeal with the Merit Systems Protection Board (MSPB), you have the right to file an appeal with the appropriate MSPB regional or field office no later than 30 days from the date of your receipt of this letter.
 By advising you of this right of appeal, the Postal Service does not waive its right to raise any appropriate defense regarding jurisdiction, timeliness, or the merits of your appeal.
 Barnes does not state when he received the letter and the Administrative Judge does not mention the letter. Thus, we do not consider the implication, if any, of the Postal Service's letter on the timeliness issue.