Gary F. MUELLER, Jerry E. Shechtman
and Andrew T. Nulty, Petitioners,

v.

UNITED STATES POSTAL SERVICE,
Respondent,

and

Merit Systems Protection
Board, Intervenor.

No. 95–3422.

United States Court of Appeals,
Federal Circuit.

Feb. 20, 1996.

Peter S. Leyton, Ritzert & Leyton, P.C., Fairfax, Virginia, argued for petitioners. With him on the brief was Seth C. Berenzweig.

Virginia K. Demarchi, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued for respondent. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and Kirk T. Manhardt, Assistant Director. Of counsel were R. Andrew German, Chief Counsel and Joan C. Goodrich, Senior Attorney, United States Postal Service.

Patricia A. Price, Acting Assistant General Counsel, Merit Systems Protection Board, Washington, DC, was on the brief for intervenor. With her on the brief was Mary L. Jennings, Acting General Counsel.

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

In this consolidated case, Gary F. Mueller, Jerry E. Shechtman, and Andrew T. Nulty petition for review of a decision of the Merit Systems Protection Board dismissing their appeals as untimely filed. Because the Board did not abuse its discretion in finding that the petitioners failed to establish good cause to excuse their untimely filings, we affirm.

I

Once again we are faced with a question arising from the restructuring of the United States Postal Service in 1992 and 1993. *See Krizman v. Merit Sys. Protection Bd.*, 77 F.3d 434 (Fed.Cir.1996); *Schall v. United States Postal Serv.*, 73 F.3d 341 (Fed.Cir. 1996). Petitioners Shechtman and Nulty accepted an early retirement offer from the Postal Service, under which they received lump-sum bonuses equal to six months of their salary in exchange for retiring on or before November 20, 1992. Petitioner Mueller took discontinued service retirement on July 2, 1993, and did not receive the lump-sum bonus.

Later in July 1993, the Merit Systems Protection Board held for the first time that the assignment of a preference-eligible employee to a lower-graded position during the Postal Service's restructuring constituted an appealable reduction-in-force (RIF) action. *See Brown v. United States Postal Serv.*, 58 M.S.P.R. 345 (1993). Preference-eligible employees in the Postal Service enjoy certain rights (known as "RIF rights") when they are subjected to a reduction-in-force action. Those rights include the right to appeal to the Board from a RIF action, such as a demotion ordered as part of an agency reorganization. *See generally Krizman v. Merit Sys. Protection Bd., supra.*

After the Board's decisions in *Brown* and other similar cases, the three petitioners, all

of whom were preference-eligible employees, appealed to the Board. They alleged that their retirements were involuntary because they were not told that assignments to lower-graded positions in the course of the Postal Service restructuring would be considered RIF actions, and because they would not have retired if they had known they would be entitled to RIF rights in connection with the restructuring.

The same administrative judge was assigned to all three petitioners' appeals. At the outset, she advised each petitioner that his appeal appeared to be untimely and that there was a question of Board jurisdiction over the appeals, since retirements are presumed to be voluntary. She therefore ordered each petitioner to show good cause for his untimely filing and to amend his petition to allege that his retirement was the result of duress, coercion, or misrepresentation by the agency.

In response to the order, Mueller and Nulty submitted arguments but no evidence; Shechtman submitted argument and some documentary evidence. On the question of timeliness, the petitioners contended that the Postal Service's restructuring process "was tantamount to an appealable reduction in force" and that the agency was therefore required to provide the petitioners with "notice of [their] right of appeal [to the Board] following the restructuring process." The agency's failure to provide them with notice of their appeal rights, the petitioners argued, "constitutes good cause for the late filing of [their] appeal[s]."

The administrative judge consolidated the petitioners' cases and issued a decision addressing only the timeliness issue. Because the appeals were filed with the Board between 14 and 23 months after the petitioners' respective retirements, the administrative judge found that the appeals were all substantially out of time. By regulation, the Board at that time required an appeal from an agency action to be filed within 20 days of the action appealed from. 5 C.F.R. § 1201.22(b) (1992).

In addressing the petitioners' argument that they had established good cause for their failure to file timely appeals, the admin-istrative judge relied on the opinion of the Merit Systems Protection Board in *Jones v. United States Postal Service,* 65 M.S.P.R. 306 (1994), in which the Board refused to find good cause for an untimely appeal in a similar case. Following the analysis in *Jones,* the administrative judge held that because retirements are presumed to be voluntary, the Postal Service was not required to give the petitioners notice of their right to appeal from their retirements unless the petitioners put the Postal Service on notice that they considered their retirements to be involuntary. Because there was no evidence in the record that the petitioners had put the agency on notice that they considered their retirements involuntary, the administrative judge held that the agency had not violated any duty to give the petitioners notice of their right to appeal to the Board. Finding that there was no evidence that the petitioners had otherwise exercised due diligence in discovering and pursuing their appeal rights, the administrative judge then dismissed each of the appeals as untimely.

Shechtman, Mueller, and Nulty petitioned the full Board for review of the administrative judge's decision. In their petition to the Board, they argued, *inter alia,* that the administrative judge should have reopened the record on the issue of timeliness to permit them to submit evidence that before retiring they had all alerted the Postal Service that they considered their retirements involuntary. The Board denied the petition, and the petitioners then filed a joint petition for review by this court.

## II

The petitioners argue that the administrative judge erred in holding that the Postal Service was not required to advise them of their right to appeal from their retirements. In addition, they contend that the Postal Service misinformed them about the nature of the restructuring in a manner that induced them to retire, and that the agency's failure to advise them that the restructuring constituted a reduction in force justified their delay in filing their appeals.

## A

The petitioners make only passing reference to the argument that they raised in their response to the administrative order regarding the timeliness issue—the argument that the entire restructuring process "was tantamount to an appealable reduction in force" and that the agency should have provided them with notice of their right to appeal to the Board "following the institution of the restructuring process." The lack of attention to that argument is justified, because the argument is plainly without merit. It is inaccurate to refer to the entire restructuring process as "an appealable reduction in force." The OPM regulations on reductions in force define particular employment actions, such as demotions in the course of a reorganization, as RIF actions from which an employee may appeal to the Board; persons subject to those actions are entitled to notice of their appellate rights. *See* 5 C.F.R. § 351.901. None of the petitioners was entitled to an advisement of rights under that regulation, because no appealable RIF action was ever taken against any of them; each retired before any action was taken that would have qualified as an appealable RIF action. An agency has no obligation, under the RIF regulations or otherwise, to give an employee notice of the right to appeal a RIF action to the Board if a RIF action has not been taken against that employee. *See Krizman v. Merit Sys. Protection Bd., supra.*

## B

The principal argument made by the petitioners—and the one addressed by the administrative judge in her opinion—is that the agency should have given the petitioners notice of their right to appeal from their retirements.

This court has acknowledged that an agency's failure to provide notice of an individual's right to appeal from an appealable agency action may constitute good cause for the individual's failure to file a timely appeal. *Shiflett v. United States Postal Serv.,* 839 F.2d 669, 673–74 (Fed.Cir.1988). The petitioners allege that this factor is present in their cases because the Postal Service failed to provide them with notice of their right to appeal from their retirements. We disagree.

Resignations and retirements are presumed to be voluntary, *see Latham v. United States Postal Serv.,* 909 F.2d 500, 502 (Fed.Cir.1990), and an employee who retires has no right to appeal to the Board unless the retirement is found to be involuntary. *Covington v. Department of Health & Human Servs.,* 750 F.2d 937, 941 (Fed.Cir.1984). Because an agency normally has no way of knowing that a resigning or retiring employee considers his separation involuntary, the agency ordinarily has no obligation to notify a resigning or retiring employee of his right to appeal to the Board unless the employee "puts the government on notice that he views his resignation as involuntary." *Clark v. United States Postal Serv.,* 989 F.2d 1164, 1169 (Fed.Cir.1993). *See also McCormack v. United States,* 204 Ct.Cl. 371, 378, 1974 WL 21684 (1974) ("the Government is not clairvoyant and may not be required to read the plaintiff's mind"); *Malone v. Department of the Air Force,* 41 M.S.P.R. 594, 596–97 (1989) (in order to establish good cause for an untimely appeal, retired employee must show that his actions "were sufficient to put the agency on notice that he ... considered his retirement to be involuntary").

In this case, there was no evidence in the record before the administrative judge that the petitioners notified the Postal Service that they viewed their retirements as involuntary. For that reason, the petitioners have failed to show that the Postal Service violated a duty owed to them by failing to notify them of their right to appeal to the Board; the absence of any notification of appeal rights therefore does not establish good cause for the untimely filing of their appeals.

In support of their argument, the petitioners point to various items of evidence that they submitted with their petition for review by the full Board, but that evidence was not in the record before the administrative judge. The petitioners did not proffer that evidence until after the record closed on the issue of timeliness, and the administrative judge declined to reopen the record to admit the proffered evidence. Because we

are limited to reviewing decisions of the Board based on the record before the deciding official, *Oshiver v. Office of Personnel Management*, 896 F.2d 540, 542 (Fed.Cir. 1990), we decline to base our judgment on evidence that was not part of the record before the administrative judge.

■ Acknowledging that none of their evidence on this issue was submitted to the administrative judge before the record closed, the petitioners argue that the administrative judge abused her discretion when she refused to reopen the record on the issue of timeliness. The petitioners, however, have not pointed to any unusual circumstances that would justify this court in holding that the administrative judge abused her discretion by refusing to reopen the record in this case.

The standard form acknowledgement orders that the administrative judge issued to the petitioners specifically stated that within 15 days they were to submit evidence of good cause sufficient to excuse the untimely nature of their appeals, and that the record on that issue would close in 25 days. The petitioners have not argued that any of the additional evidence they offered to the full Board was new evidence that was unavailable to them at the time of the proceedings before the administrative judge. Nor have they argued that they were unable to comply with the time limits specified in the acknowledgement orders. Indeed, each petitioner filed a written argument addressed to the issues of timeliness and involuntariness, and one of the petitioners—Shechtman—submitted evidence, although that evidence did not suggest that he had advised the Postal Service that he regarded his retirement as involuntary. The administrative judge was therefore fully justified in adjudicating the good cause issue based on the evidence and argument submitted within the time limits set forth in the acknowledgement order. *See Cheguina v. Merit Sys. Protection Bd.*, 69 F.3d 1143, 1147 (Fed.Cir.1995).

The main thrust of the petitioners' argument that the administrative judge should have reopened the record and accepted their belatedly submitted evidence is that the governing legal principles changed after the 25-day period in each of their cases had elapsed. They point to the Board's decision in *Jones v. United States Postal Service, supra*, on which the administrative judge relied in dismissing their appeals. That case, they contend, changed the rule of decision on the issue of good cause by requiring a retiring employee to state that he considered his retirement involuntary in order to trigger the agency's duty to provide notice of appeal rights. Because they assert that they did not have an opportunity to address the issues presented by the *Jones* case before the records in their cases closed, they contend that the administrative judge abused her discretion by refusing to reopen the records to allow them to submit additional evidence addressing the rule of decision in *Jones*.

The petitioners' characterization of the *Jones* decision as setting forth a new legal standard is wrong. The principle that an agency need not advise a retiree of his appeal rights unless he informs the agency that he regards his retirement as involuntary is firmly established in the case law of both the Board and this court, as the Board's opinion in *Jones* makes clear. *See* 65 M.S.P.R. at 309–10, citing *McCormack v. United States, supra*, and *Malone v. Department of the Air Force, supra*; *Yuni v. Merit Sys. Protection Bd.*, 784 F.2d 381, 386 n. 4 (Fed.Cir.1986); *Popham v. United States Postal Serv.*, 50 M.S.P.R. 193, 199 (1991); *Peterson v. Department of Health & Human Servs.*, 50 M.S.P.R. 237, 242 (1991); *Ricci v. Veterans Admin.*, 40 M.S.P.R. 113, 116 (1989).

Moreover, even the evidence that the petitioners proffered after the record closed fails to establish that they put the Postal Service on notice that they regarded their retirements as involuntary. To be sure, that evidence shows that they were reluctant to retire and expressed that reluctance to representatives of the Postal Service. But while the late-proffered evidence shows that each petitioner expressed unhappiness about having to choose between retirement and an uncertain future with the agency, none of that evidence suggests that any of the petitioners advised the Postal Service that he "view[ed] himself the subject of an adverse action," *McCormack*, 204 Ct.Cl. at 380.

That is, the evidence offered by the petitioners fails to show that they put the agency on notice that they regarded their retirements as the products of duress, coercion, deception, or misinformation. *See Taylor v. United States,* 219 Ct.Cl. 86, 591 F.2d 688, 692 (1979) ("the fact that an employee is faced with an unpleasant situation or has to choose between two unpleasant alternatives does not make the resulting action involuntary unless there is deception, coercion, duress, time pressure or intimidation"); *Christie v. United States,* 207 Ct.Cl. 333, 518 F.2d 584, 587–88 (1975); *Barnett v. United States Postal Serv.,* 59 M.S.P.R. 125, 127–29 (1993); *Gaynor v. United States Postal Serv.,* 43 M.S.P.R. 481, 484 (1990). Under these circumstances, we are satisfied that the administrative judge did not abuse her discretion by refusing to reopen the record on the timeliness issue.

## C

■ There is also no merit to the broader argument, alluded to by the petitioners at various points in their briefs, that there was good cause for the untimely filing of their appeals because the Postal Service engaged in misleading conduct with respect to the nature of the restructuring. The argument is that by taking the position that the restructuring was not a RIF and that preference-eligible employees therefore would not be able to take advantage of the retention and appeal rights provided by the RIF regulations, the agency misled the petitioners and others. Had they known that the alternative to retiring was going to be assignment under RIF procedures, the petitioners argue, they would not have chosen to retire. They contend that they cannot be faulted for having failed to appeal until they learned that the Board had held that certain aspects of the restructuring constituted appealable RIF actions.

This court rejected a similar claim in *Krizman,* and in this case only Shechtman introduced any additional evidence before the administrative judge in support of that claim. The other evidence that the petitioners offered on this issue was not properly before

the administrative judge or the Board, as it was submitted after the record closed.

Shechtman's evidence on this issue consisted of an affidavit in which Shechtman stated that at a retirement seminar conducted by the Postal Service in October 1992, shortly before Shechtman retired, someone asked if veterans, being preference-eligible employees, "had any rights in the context of the restructuring." William J. Henderson, the Postal Service's Vice–President for Employee Relations, is alleged to have responded, "No." Shechtman argues that Henderson's response constituted a representation that the Postal Service was not going to conduct a RIF, and that the response was thus false and misleading.

The most that can be made of the terse statement attributed to Henderson is that at that point the Postal Service did not anticipate that it would conduct any actions that would give rise to RIF rights for preference-eligible employees. It is true that it ultimately turned out that approximately 15 percent of the preference-eligible employees who were reassigned because of the restructuring were assigned to lower-graded positions, and those assignments were held to be RIF actions. At the time of Henderson's statement, however, it was unclear how many employees, if any, would be assigned to lower-graded positions and what their rights would be. Thus, Henderson's statement is not a sufficient basis for concluding that in the fall of 1992 the agency deceived its employees with respect to what their rights would be if they remained in the agency and were assigned new positions.

The Board noted in *Krizman* that there was no evidence in that case or others before the Board "that the agency was aware that its action could only have been a RIF," or that the agency had acted "in bad faith, contrary to the clear facts," or to mislead its employees. *Krizman v. United States Postal Serv.,* 66 M.S.P.R. 233, 238 (1995). Based in part on this court's analysis in *Clark v. United States Postal Service,* 989 F.2d at 1167–68, the Board in *Krizman* found that in light of the uncertainty surrounding the status of employees assigned to lower-graded positions but guaranteed saved grade and

pay, the agency's conduct did not require a finding of good cause for the employee's untimely filing. We upheld the Board's decision as a permissible interpretation and application of its "good cause" regulation.

Shechtman's affidavit does not change that analysis. In particular, it does not call into question the Board's conclusion in *Krizman* that the Postal Service did not act in "bad faith, contrary to the clear facts" or for the purpose of misleading employees when it took the position that it did not anticipate that the restructuring would result in any RIF actions.

As we observed in *Krizman,* the scope of our review of the Board's interpretation and application of its own regulations is narrow. *See Krizman v. Merit Sys. Protection Bd.,*

—— F.3d at ——–——. We held in *Krizman* that the Board's interpretation of its good cause regulation in that case and similar ones was reasonable, and we now hold that in applying that regulation to the facts of this case the Board did not abuse its discretion. We therefore uphold the Board's dismissal of the petitioners' appeals as untimely filed.

*AFFIRMED.*