86 F.3d 1176
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Finnie L. HAIRE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent,
and
United States Postal Service, Intervenor.
 No. 95-3323.
 United States Court of Appeals, Federal Circuit.
 May 10, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The Merit Systems Protection Board moves for summary affirmance of the Board's decision dismissing Finnie L. Haire's appeal as untimely. The Board states that Haire opposes. Haire, however, has not filed an opposition. The Board states that the United States Postal Service consents.
 
 
 2
 This petition for review stems from the restructuring the Postal Service implemented in 1992 and 1993. The case was stayed pending the resolution of Krizman v. Merit Sys. Protection Bd., 77 F.3d 434 (Fed.Cir.1996), and a companion case, Mueller et al. v. Merit Sys. Protection Bd., 76 F.3d 1198 (Fed.Cir.1996).
 
 
 3
 Haire, a preference eligible employee, accepted an early retirement incentive offered during the restructuring and retired from the Postal-Service with a lump-sum bonus. In 1993, about one year after retiring, Haire filed an appeal with the Board asserting that his retirement was involuntary.
 
 
 4
 The Administrative Judge (AJ) dismissed the appeal on the ground that the Board does not have jurisdiction over voluntary actions such as retirements and that Haire's retirement was voluntary. The Board reopened Haire's appeal, vacated the AJ's decision, and dismissed the appeal. The Board determined that Haire's appeal was untimely and that Haire had not established good cause to excuse the untimeliness. In finding an absence of good cause, the Board determined that retirement is presumed to be voluntary and an employee who retires is not entitled to notice of appeal rights unless the employee informs the agency that he or she considers the retirement involuntary. The Board noted that Haire took no action to discover and pursue his appeal rights for one year after his retirement. The Board concluded that Haire had failed to show good cause for his untimely appeal. This petition for review followed.
 
 
 5
 In Krizman and Mueller, the Board dismissed petitioners' appeals, determining that the petitioners had not established good cause to excuse the untimely filing of their appeals. Petitioners contended that the Postal Service misinformed them about the nature of the restructuring, i.e., that it was in fact a reduction in force (RIF), and failed to inform them of the attendant rights for preference eligibles faced with a RIF. We held that only those employees who were released from their competitive level by separation, by demotion, or by certain furloughs or reassignments were subjected to an appealable RIF action and were, therefore, entitled to notification of appeal rights. Krizman, 77 F.3d at 438-39; Mueller, 76 F.3d at 1201. Because Krizman and Mueller had not been assigned to lower-graded positions, they were not entitled to notification of appeal rights. Further, in Mueller we held that an employee's retirement is presumed to be voluntary. Mueller, 76 F.3d at 1201. Because the petitioners did not place the Postal Service on notice that they considered their retirements to be involuntary, the Postal Service did not violate a duty to notify petitioners of their appeal rights. We concluded in both cases that the Board's interpretation of its good cause regulation was reasonable and that the Board did not abuse its discretion in applying that regulation to the facts of each case. Krizman, 77 F.3d at 440; Mueller, 76 F.3d at 1204.
 
 
 6
 We agree with the Board that its decision in this case should be summarily affirmed based on our holdings in Krizman and Mueller. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In this case, although Haire has not responded to the Board's motion for summary affirmance, we note that Haire has filed an informal brief. In his brief, Haire contends that the time to appeal to the Board should have been extended until the time it became known that the reorganization was a RIF.* However, this same argument was raised in Krizman and Mueller and decided adversely to petitioners.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Board's motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.
 
 
 
 *
 Haire attaches to his informal brief several Federal Times articles from 1993 and 1994. Those articles, however, have no bearing on Haire's decision to retire in 1992