86 F.3d 1177
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William C. JONES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent,
and
United States Postal Service, Intervenor.
 No. 95-3457.
 United States Court of Appeals, Federal Circuit.
 May 13, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Merit Systems Protection Board moves for summary affirmance of the Board's decision dismissing William C. Jones's appeal as untimely. The Board states that the United States Postal Service consents. Jones has not responded.
 
 
 2
 This petition for review stems from the restructuring the Postal Service implemented in 1992 and 1993. The case was stayed pending the resolution of Krizman v. Merit Sys. Protection Bd., 77 F.3d 434 (Fed.Cir.1996), and a companion case, Mueller et al. v. Merit Sys. Protection Bd., 76 F.3d 1198 (Fed.Cir.1996).
 
 
 3
 Jones accepted an early retirement incentive offered during the restructuring and retired from the Postal Service with a lump-sum bonus. In 1994, over two years after retiring, Jones filed an appeal with the Board after receiving a letter from the Postal Service stating that he had a right to file an appeal within 30 days of receipt of the letter.*
 
 
 4
 The Administrative Judge (AJ) dismissed the appeal as untimely filed determining that Jones had not established good cause to excuse the untimely filing. In finding an absence of good cause, the AJ determined that a lack of awareness of an appeal right, in itself, is not good cause for an late filing of an appeal. With respect to the 1994 letter, the AJ determined that erroneous advice provided by an agency cannot extend the time for filing an appeal. The AJ noted that Jones did not place the Postal Service on notice that he considered his retirement involuntary. The AJ further determined that Jones did not exercise due diligence in discovering and pursuing his putative appeal rights. The AJ thus dismissed the appeal as untimely filed. After the Board denied Jones's petition for review, Jones petitioned this court for review.
 
 
 5
 In Krizman and Mueller, the Board dismissed petitioners' appeals, determining that petitioners had not established good cause to excuse the untimely filing of their appeals. Petitioners contended that the Postal Service misinformed them about the nature of the restructuring, i.e., that it was in fact a reduction in force (RIF), and failed to inform them of the attendant rights for preference eligibles faced with a RIF. We held that only those employees who were released from their competitive level by separation, by demotion, or by certain furloughs or reassignments were subjected to an appealable RIF action and were, therefore, entitled to notification of appeal rights. Krizman, 77 F.3d at 438-39; Mueller, 76 F.3d at 1201. Because Krizman and Mueller had not been assigned to lower-graded positions, they were not entitled to notification of appeal rights. Further, in Mueller we held that an employee's retirement is presumed to be voluntary. Mueller, 76 F.3d at 1201. Because the petitioners did not place the Postal Service on notice that they considered their retirements to be involuntary, the Postal Service did not violate a duty to notify petitioners of their appeal rights. We concluded in both cases that the Board's interpretation of its good cause regulation was reasonable and that the Board did not abuse its discretion in applying that regulation to the facts of each case. Krizman, 77 F.3d at 440; Mueller, 76 F.3d at 1204.
 
 
 6
 We agree with the Board that its decision in this case should be summarily affirmed based on our holdings in Krizman and Mueller. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In this case, Jones is a former Postal Service employee who, like Krizman and Mueller, opted to retire during the restructuring of the Postal Service. The Postal Service's letter appears to be an effort on its part to contact its former preference eligible employees to inform them generally of any putative appeal rights. As acknowledged by the Postal Service in that letter, however, the Postal Service did not waive the right to argue that any former employee's appeal was nonetheless untimely. Indeed, the AJ correctly determined that the Postal Service cannot determine or excuse the timeliness of an appeal to the Board. Because Jones did not contend that he informed the Postal Service that he considered his retirement involuntary at the time he retired, this case rests on the same issues that were decided by the court in Krizman and Mueller.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Board's motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.
 
 
 
 *
 Although Jones did not attach a copy of the letter to his response to the Administrative Judge's (AJ) acknowledgement order, the AJ assumed that Jones was referring to a November 4, 1994 letter from the Postal Service addressed to preference eligible retirees. In the letter, the Postal Service states:
 It is the position of the Postal Service that your retirement was voluntary. However, if you believe that your retirement from the Postal Service during the fall of 1992 was involuntary, and if you have not already filed an appeal with the Merit Systems Protection Board (MSPB), you have the right to file an appeal with the appropriate MSPB regional or field office no later than 30 days from the date of your receipt of this letter.
 By advising you of this right of appeal, the Postal Service does not waive its right to raise any appropriate defense regarding jurisdiction, timeliness, or the merits of your appeal.