91 F.3d 168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Countee S. ABBOTT and 31 named petitioners,*
Petitioners,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3325.
 United States Court of Appeals, Federal Circuit.
 May 31, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The United States Postal Service moves for summary affirmance of the Board's decision, which consolidated 32 appeals for purposes of issuing a single decision, dismissing Countee S. Abbott et al.'s appeals. Petitioners have not responded.
 
 
 2
 This petition for review stems from the restructuring the Postal Service implemented in 1992 and 1993. The case was stayed pending the resolution of Krizman v. Merit Sys. Protection Bd., 77 F.3d 434 (Fed.Cir.1996), and a companion case, Mueller et al. v. Merit Sys. Protection Bd., 76 F.3d 1198 (Fed.Cir.1996).
 
 
 3
 Petitioners, all of whom are former Postal Service employees, each accepted an early retirement incentive offered during the restructuring and each retired from the Postal Service with a lump-sum bonus in the period from October 1992 to January 1993. From May 1994 to November 1994, each petitioner filed an appeal with the Board asserting that the retirement was involuntary.
 
 
 4
 In a consolidated decision, the Administrative Judge (AJ) dismissed the appeals as untimely, determining that the Board's decision in Jones v. United States Postal Serv., 65 M.S.P.R. 306 (1994), a "lead case" concerning good cause for filing an untimely appeal, was controlling and that an employee who retires is not entitled to notice of appeal rights unless the employee informs the agency that he or she considers the retirement to be involuntary. The AJ concluded that none of the petitioners notified the Postal Service at the time of retirement that they believed their retirements were involuntary, and the AJ noted that petitioners did not exercise due diligence in discovering and pursuing whether they had a right of appeal.
 
 
 5
 In addition, the AJ determined that a retirement is presumed to be voluntary and an employee is not entitled to notification of appeal rights unless the employee informs the agency that he or she considers the retirement involuntary. Because petitioners did not each inform the agency at the time of retirement that he or she considered the retirement to be involuntary, the AJ concluded that the Board lacked jurisdiction over each of the appeals. This petition for review followed.
 
 
 6
 In Krizman and Mueller, the Board dismissed petitioners' appeals, determining that petitioners had not established good cause to excuse the untimely filing of their appeals. Petitioners contended that the Postal Service misinformed them about the nature of the restructuring, i.e., that it was in fact a reduction in force (RIF), and failed to inform them of the attendant rights for preference eligibles faced with a RIF. We held that only those employees who were released from their competitive level by separation, by demotion, or by certain furloughs or reassignments were subjected to an appealable RIF action and were, therefore, entitled to notification of appeal rights. Krizman, 77 F.3d at 438-39; Mueller, 76 F.3d at 1201. Because Krizman and Mueller had not been assigned to lower-graded positions, they were not entitled to notification of appeal rights. Further, in Mueller we held that an employee's retirement is presumed to be voluntary. Mueller, 76 F.3d at 1201. Because the petitioners did not place the Postal Service on notice that they considered their retirements to be involuntary, the Postal Service did not violate a duty to notify petitioners of their appeal rights. We concluded in both cases that the Board's interpretation of its good cause regulation was reasonable and that the Board did not abuse its discretion in applying that regulation to the facts of each case. Krizman, 77 F.3d at 440; Mueller, 76 F.3d at 1204.
 
 
 7
 We agree with the Postal Service that the Board's decision in this case should be summarily affirmed based on our holdings in Krizman and Mueller. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, petitioners are Postal Service retirees who, like Krizman and Mueller, opted to retire during the restructuring of the Postal Service. Further, the AJ determined that none of the petitioners put the Postal Service on notice that they considered the retirement to be involuntary. This case thus involves the same issues decided by the court in Krizman and Mueller.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The Postal Service's motion for summary affirmance is granted.
 
 
 10
 (2) All sides shall bear their own costs.
 
 
 
 *
 The following is a list of the petitioners who were listed in the administrative judge's decision, who petitioned this court for review, and who are thus affected by this order:
 (1) Abbott, Countee S.; (2) Bennett, Janice D.; (3) Brown, Deborah M.; (4) Bussa, Fred; (5) Bussa, Marcelyn; (6) Dudek, James; (7) Foley, Margaret L.; (8) Foster, Joyfay G.; (9) Harris, Jr., Henry; (10) Holloway, Henrietta; (11) Humecki, Kathryn; (12) Immenga, Albert J.; (13) Johnson, Bernice; (14) Jones, Grant; (15) Kudera, James; (16) Mortellaro, Madeline; (17) Newsham, Donald; (18) Palmer Elois; (19) Pruden, Robert; (20) Pughsley, Lindrey; (21) Richards, Esther; (22) Robinson, Forest; (23) Rogers, Janice D.; (24) Rosemond, Jerry; (25) Rudis, John; (26) Sanders, Joseph; (27) Shinn, Jr., Ira P.; (28) Stulb, Charles; (29) Sustr, Frank; (30) Tuleo, Michael; (31) Willis, Mildred; and (32) Wood, Thomas, J.