Eric WILLIAMS, Petitioner,

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 03–3325.

United States Court of Appeals, Federal Circuit.

DECIDED: March 8, 2004.

———

Domenique Kirchner, Principal Attorney, Harold D. Lester, Jr., Of Counsel, Washington, DC, for Respondent.

Before SCHALL, DYK, and PROST, Circuit Judges.

DECISION

PER CURIAM.

Eric Williams petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for failure to state a claim upon which relief could be granted. *Williams v. Dep't of the Air Force*, No. AT–3443–01–0734–I–1, 95 M.S.P.R. 298, 2003 WL 22176268 (M.S.P.B. Sept. 16, 2003). Mr. Williams had appealed to the Board alleging that the Department of the Air Force ("Air Force" or "agency") had improperly denied him veterans' preference rights by failing to offer him a position in its "Copper Cap" intern program for contracting specialists. We *affirm*.

DISCUSSION

I.

Veterans' preference in hiring for competitive-service positions takes two forms. First, under various statutes, agencies may appoint certain veterans non-competitively. For example, veterans with compensable service-connected disabilities of thirty per-

cent or more may receive "non-competitive appointment[s] leading to conversion to career or career-conditional employment...." 5 U.S.C. § 3112. The second form of veterans' preference in hiring for competitive service positions occurs in the competitive examination process. Under the Veterans' Preference Act, as amended, preference-eligible veterans have additional points added to their examinations scores, see *id.* § 3309 and 5 C.F.R. § 337.101(b), and they are ranked ahead of others on lists of eligibles with the same rating, see 5 U.S.C. § 3313 and 5 C.F.R. § 332.401.

## II.

Mr. Williams is a preference-eligible disabled veteran with a compensable service-connected disability of thirty percent or more. In January 2001, he applied for vacant positions in the Air Force's Copper Cap program in Region 9, the Southeastern United States. Copper Cap positions were filled under non-competitive procedures. In that regard, the job announcement relating to the positions at issue set forth three primary eligibility criteria: (1) qualifying under the Office of Personnel Management's ("OPM") Outstanding Scholar Program, which required a minimum grade point average of 3.45 or being in the top ten percent of one's graduating class from college; (2) qualifying as a Schedule A Disabled Person; or (3) qualifying as a thirty percent disabled veteran. Under the non-competitive procedures used to fill the Copper Cap position vacancies, once applicants were determined to be eligible under any of the three eligibility criteria, they competed equally.

By letter dated January 8, 2001, the Air Force informed Mr. Williams that he met the eligibility requirements for the Copper Cap intern training program under 5 C.F.R. § 316.402(b)(4) as a veteran with a compensable service-connected disability of thirty percent or more. Mr. Williams also was informed that referral for a given vacancy would be based upon his interview score, and that his application would remain open for one year from the date of the letter. Mr. Williams was interviewed on January 10, 2001. However, although he met the minimum requirements for the Copper Cap intern program, he was not selected for one of the vacant intern positions. Some non-veterans and some thirty percent compensable veterans were selected for vacant positions.

## III.

Under the Veterans Employment Opportunities Act ("VEOA"), a "preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor." 5 U.S.C. § 3330a(a)(1). The Act further provides that "[i]f the Secretary of Labor is unable to resolve a complaint under subsection (a) within 60 days after the date on which it is filed, the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board in accordance with such procedures as the Merit Systems Protection Board may prescribe...." *Id.* § 3330a(d)(1).

After not being selected for one of the vacant Copper Cap intern positions, and after exhausting his remedies before the Department of Labor, Mr. Williams appealed to the Board under the VEOA. Before the Board, Mr. Williams argued that, in the competition, his interview score should have been increased by ten points because he was a veteran, that his name should have been placed at the top of the list of eligible candidates, and that he was improperly passed over in favor of applicants who were interviewed after him.

Because Mr. Williams did not request a hearing, the administrative judge ("AJ") to whom the appeal was assigned decided the case on the documentary record. In an initial decision, the AJ rejected Mr. Williams' claims that his veterans' preference rights had been violated. The AJ pointed out that the fallacy in Mr. Williams' various arguments was that vacancies in the Copper Cap intern program were filled under non-competitive procedures. "Accordingly," the AJ stated, "the statutes that might otherwise have given the appellant an advantage in a competitive examination, through the addition of points or through being ranked ahead of other eligibles with similar rating, simply have no application to the selections at issue here." *Williams v. Dep't of the Air Force*, No. AT–3443–01–0734–I–1 (M.S.P.B. Oct. 11, 2001). After noting that Mr. Williams had received all the rights to which he was entitled as a preference eligible veteran in a non-competitive process, the AJ ruled that Mr. Williams had failed to state a claim upon which relief could be granted. He therefore dismissed the appeal.

The AJ's initial decision became the final decision of the Board on September 16, 2003, after the Board denied Mr. Williams' petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed. We have jurisdiction pursuant 28 U.S.C. § 1295(a)(9).

### IV.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsup-

ported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). On appeal, Mr. Williams does not challenge any of the Board's findings of fact. He does, however, raise several other arguments.

■ First, without pointing to any specific error, Mr. Williams argues that the Board applied the wrong law. This contention requires little discussion. It is enough to simply state that we see no error in the Board's ruling–which we have described above–that Mr. Williams was not deprived of any of his veterans' preference rights. As the Board explained, Mr. Williams was afforded all the rights to which he was entitled as a preference eligible veteran under the non-competitive procedures that were used to fill vacancies in the Copper Cap intern program.

■ Second, Mr. Williams repeats an argument that he raised for the first time in connection with his petition for review. He contends that making non-competitive appointments within the Copper Cap intern program to Outstanding Scholars was against the law because, according to Mr. Williams, the Outstanding Scholar Program should be used as a supplement and not a replacement for competitive examining procedures. In other words, Mr. Williams challenges the eligibility criteria for the Copper Cap program, asserting that the Outstanding Scholar Program was an illegal eligibility criterion. In making this argument, Mr. Williams relies on the *Luevano Consent Decree* (the *"Consent Decree"*). The *Consent Decree* grew out of a class action, *Luevano v. Campbell*, 93 F.R.D. 68, 78–82 (D.D.C.1981). The Outstanding Scholar Program was part of the *Consent Decree*. It is a non-competitive initial recruitment device devised to expand hiring opportunities within the feder-

al government for certain entry-level jobs at the GS–5 or GS–7 level. *Id.* at 79.

Mr. Williams' *Consent Decree* argument is without merit. The Board has held that the *Consent Decree* "authorizes the current version of the Outstanding Scholar Program" and that the program, "in turn, authorizes appointments without competitive examination." *Olson v. Dep't of Veterans Affairs,* 92 M.S.P.R. 169, 174 (2002). We see no error in that ruling.

Mr. Williams also contends that his challenge to the Board's decision is supported by Executive Order No. 13162, 65 Fed. Reg. 43211 (July 6, 2000), which constituted the Federal Career Intern Program "to provide for the recruitment and selection of exceptional employees for careers in the public sector." In addition, he has sent to the court information relating to the Copper Cap intern program. However, the Executive Order argument was not raised before the Board, and the information concerning the intern program is not part of the Board record. We will not consider these matters, which are being raised for the first time on appeal. *See Mueller v. United States Postal Serv.,* 76 F.3d 1198, 1201–2 (Fed.Cir.1996) ("Because we are limited to reviewing decisions of the Board based on the record before the deciding official, we decline to base our judgment on evidence that was not part of the record before the administrative judge.") (citation omitted).

For the reasons set forth above, we conclude that the decision of the Board is supported by substantial evidence and is free of legal error. Accordingly, the decision is affirmed.