NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3257

EDWARD G. DONOVAN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  November  8, 2006

_____

Before MAYER, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Petitioner Edward G. Donovan seeks review of a decision of the Merit Systems Protection Board, Docket No. DC-0752-05-0523-I-1, in which the Board dismissed his appeal as untimely.  We <u>affirm</u>.

## BACKGROUND

Mr. Donovan was employed as a Distribution Window Clerk with the United States Postal Service.  He was dismissed from duty on September 12, 2003, on the ground that the Postal Service had no light duty available that could accommodate his medical restrictions.  In January 2004, the Postal Service notified Mr. Donovan that he could return to work and ordered him to do so.  He did not return to work at that time,

but instead took an appeal to the Merit Systems Protection Board arguing that he had been constructively suspended from September 12, 2003, until the time of his appeal. The administrative judge assigned to that appeal found that Mr. Donovan was placed on enforced leave on September 12, 2003, when he was told to go home and was not allowed to return to duty until he was ordered to do so in January 2004. Because Mr. Donovan was placed on enforced leave, which constitutes a constructive suspension, and because he was not accorded the required procedural protections, the administrative judge held the enforced leave between September 12, 2003, and January 21, 2004, to be unlawful and entered a back pay order for that period. The administrative judge further found, however, that after January 21, 2004, Mr. Donovan's absence from work was voluntary, since he had been ordered to report for duty or to provide medical evidence indicating the nature of his illness or injury and how his condition affected his ability to perform the duties of his position. The administrative judge's decision in that appeal became final on September 29, 2004.

On April 24, 2005, Mr. Donovan filed a second "enforced leave" appeal. In that appeal, he contended that he had been constructively suspended since September 29, 2004. The administrative judge assigned to that appeal directed Mr. Donovan to submit evidence and argument to show that he was constructively suspended during that time and thus that his appeal was within the Board's jurisdiction. Mr. Donovan responded that he had informed the Postal Service "as early as September 2004" that he was available for work within his medical restrictions, yet the agency had not allowed him to resume work. In response to that submission, the agency moved to dismiss the appeal for lack of jurisdiction and for untimeliness. The administrative judge then directed Mr.

Donovan to show cause why his appeal should not be dismissed for untimeliness, inasmuch as the alleged constructive suspension had begun in September 2004 and his appeal was not filed until April 2005.

After Mr. Donovan filed his response, the administrative judge found that he had not alleged that he had made any oral or written request to return to work before late January 2005. Mr. Donovan asserted that he had been told by an agency official on January 25 and 26, 2005, that he could not return to work until "an accommodation review panel had been completed." Based on that assertion, the administrative judge concluded that "any period of enforced leave would have commenced" on about January 25, 2005. Noting that Mr. Donovan's appeal was not filed until April 24, 2005, the administrative judge found that it was not filed within the 30-day period for appealing to the Board from an adverse agency action such as a suspension. The administrative judge noted that the delay in filing the appeal was substantial and that Mr. Donovan failed to show either that he was unaware of the timely filing requirement or that there were any circumstances beyond his control that prevented him from timely filing his appeal. Instead, Mr. Donovan argued that his appeal should not be dismissed as untimely because an earlier appeal "would waste his, the agency's, and the Board's time and resources." Finding that explanation an inadequate excuse for an untimely filing, the administrative judge ruled that Mr. Donovan had failed to meet his burden to demonstrate that he acted with due diligence or ordinary prudence in filing his appeal in a timely manner. Accordingly, the administrative judge dismissed Mr. Donovan's appeal for untimeliness. Mr. Donovan now seeks review by this court.

DISCUSSION

In his informal brief, Mr. Donovan has not pointed to any specific flaws in the Board's order dismissing the appeal for untimeliness. Instead, he has focused on the merits of his appeal, which the Board did not reach in light of its dismissal on untimeliness grounds. We address the timeliness issue and hold that under the governing standards the Board did not err in dismissing the appeal.

Based on Mr. Donovan's version of the facts, it was reasonable for the administrative judge to conclude that the events that Mr. Donovan contends triggered his constructive suspension occurred no later than January 25, 2005. Accordingly, it was reasonable for the administrative judge to rule that the 30-day appeal period began to run at that time and that Mr. Donovan's appeal, which was filed on April 24, 2005, was untimely.

As the administrative judge noted, in the case of an untimely appeal, the appellant has the burden of proving that good cause existed for the delay. See 5 C.F.R. § 1201.22(c). The administrative judge analyzed the factors bearing on the good-cause inquiry and concluded that Mr. Donovan failed to establish good cause for the untimeliness of his appeal. We review that determination for an abuse of discretion. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc) ("We have often stated that whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board."). We find no abuse of discretion here.

The administrative judge listed the factors bearing on the issue of good cause: the length of the delay, whether the appellant was notified of the time limit for filing the appeal, whether there were circumstances beyond the control of the appellant that affected his ability to comply with the time limit, the degree to which negligence by the appellant has been shown, circumstances that might show that the neglect was excusable, a showing of unavoidable casualty or misfortune, and, if the appellant has shown good cause for the delay, the extent and nature of the prejudice to the agency that would result from waiver of the time limit.

Although the administrative judge observed that Mr. Donovan had not been notified of the time limits for filing an appeal, such notification is not required in a case such as this one, which involves constructive action by the agency rather than actual agency action, such as a suspension or removal. See Carpenter v. Merit Sys. Prot. Bd., 111 F.3d 118, 119-20 (Fed. Cir. 1997); Mueller v. U.S. Postal Serv., 76 F.3d 1198, 1201 (Fed. Cir. 1996). Moreover, the administrative judge noted that Mr. Donovan, who was represented by counsel, did not assert that he was unaware of the timely filing requirement. Indeed, the administrative judge specifically found that Mr. Donovan knew of the timely filing requirement based on his involvement in several prior Board actions. In the absence of any challenge to that factual finding, we decline to overturn it.

Before the administrative judge, Mr. Donovan argued that he had not filed his appeal promptly because he was waiting to see if the agency would accommodate his medical restrictions with an appropriate assignment. As the administrative judge noted, however, once the agency took action that constituted a constructive suspension, the time for his appeal began to run. He was not entitled to wait to see if his request for an

accommodation would be resolved at some time in the future and to decide when to take an appeal based on his own decision as to when the agency had taken too long to act.

The administrative judge found that the two-month delay in filing the appeal was a substantial delay and that Mr. Donovan had shown no circumstances beyond his control that prevented him from timely filing his Board appeal. Under the circumstances, we hold that the Board did not abuse its discretion in concluding that Mr. Donovan failed to satisfy his burden of showing good cause for the untimeliness of his appeal. We therefore uphold the Board's decision dismissing his appeal as untimely.