NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3244

CHRISTI J. KOTSCHWAR,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

<u>Christi J. Kotschwar</u>, of Rapid City, South Dakota, pro se.

<u>Robert C. Bigler</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were <u>Jeffrey S. Bucholtz</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Brian M. Simkin</u>, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3244

CHRISTI J. KOTSCHWAR,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DE844E060261-I-1.

_____

DECIDED: July 14, 2008

_____

Before MICHEL, Chief Judge, LOURIE and LINN, Circuit Judges.

PER CURIAM.

Christi J. Kotschwar ("Kotschwar") petitions for review of a final decision of the Merit Systems Protection Board ("Board") affirming the denial of her application for Federal Employees' Retirement System ("FERS") disability annuity benefits. Kotschwar v. Office of Pers. Mgmt., No. DE-844E060261-I-1 (M.S.P.B. Nov. 9, 2006) ("Initial Decision"), review denied, Kotschwar v. Office of Pers. Mgmt., No. DE-844E060261-I-1 (M.S.P.B. Mar. 21, 2007). Because the Board did not depart from any important procedural right, misconstrue governing legislation, or commit any similar error requiring reversal, we affirm.

## I. BACKGROUND

Prior to her termination, Kotschwar was an Administrative Office Assistant on the Volatile Organic Chemicals National Synthesis team of the Department of the Interior's U.S. Geological Survey, in Rapid City, South Dakota. Kotschwar worked under the supervision of John Zogorski, the team's Supervisory Hydrologist.

Kotschwar claims to have become disabled on October 17, 2003. That day, Zogorski provided Kotschwar with a written evaluation and met with her to discuss her performance. During the meeting, Zogorski was critical of aspects of Kotschwar's job performance. According to Kotschwar, both during and before this meeting, Zogorski created a hostile work environment that resulted in Kotschwar developing disabling stress, adjustment disorder with disturbance of anxiety, and major depression.

Kotschwar was temporarily reassigned to the team's computer section, away from Zogorski. She worked there until March 2004, when she was ordered to report back to her administrative duties under Zogorski. Instead, Kotschwar left the workplace on approved sick leave. After her sick leave was exhausted, Kotschwar failed to return to work and did not provide adequate medical documentation to support further leave. She was terminated for being absent without leave and for failure to submit acceptable medical documentation. She did not appeal the termination decision.

In February 2005, Kotschwar submitted an application for FERS disability retirement. The Office of Personnel Management denied her application on the ground that she had not presented medical information documenting a disabling medical condition. Kotschwar appealed to the Board. The Board affirmed the denial, reasoning that: (1) Kotschwar's anxiety was merely situational and based on her poor relationship with Zogorski; and (2) she had failed to show whether her condition could be improved

or controlled, because she had refused antidepressant medications. Initial Decision at 8-9. Kotschwar appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Kotschwar raises several arguments on appeal. However, our authority to review the Board's decision is limited. "This court is without authority to review the substantive merits of disability determinations, or the factual underpinnings of such determinations." Brunner v. Office of Pers. Mgmt., 996 F.2d 290, 291 (Fed. Cir. 1993). Specifically, "we may not review the Board's factual determination as to whether [Kotschwar] was disabled within the meaning of the FERS statute." Trevan v. Office of Pers. Mgmt., 69 F.3d 520, 524 (Fed. Cir. 1995). Instead, our "review of disability-based actions is limited to determining whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Brunner, 996 F.2d at 292 (internal quotation marks omitted).

We address each of Kotschwar's arguments in turn, within the limits of our jurisdiction. First, Kotschwar argues that the Board erred by finding that she refused medical treatment. We have no authority to review or disturb this finding. See id. But even if we did, it would not have affected the outcome of Kotschwar's appeal. The Board's conclusion that Kotschwar's anxiety was not a disabling medical condition was also independently and adequately supported by its finding that her anxiety was merely situational and based on her poor relationship with Zogorski. See Initial Decision at 8-9.

Second, Kotschwar argues that the Board failed to account for the seriousness of her hostile work environment. As the Board correctly recognized, see id. at 8, Kotschwar's burden was to prove that she could not "render useful and efficient service

in [her] position" in general—not solely in the context of a hostile relationship with a particular supervisor. 5 U.S.C. § 8451(a)(1)(B); <u>Tan-Gatue v. Office of Pers. Mgmt.</u>, 90 M.S.P.R. 116, 123 (2001) ("The Board has held that an appellant must show that she is unable to perform her job duties in general and not only in the context of what she sees as a hostile environment."), <u>aff'd</u> 52 Fed. Appx. 511 (Fed. Cir. 2002). Kotschwar's argument is thus misplaced and is not within our authority to review.

Third, Kotschwar claims that the Board incorrectly interpreted the testimony of one witness, and trivialized the testimony of a second witness. We are without authority to review the Board's factual findings. See <u>Brunner</u>, 996 F.2d at 291.

Finally, Kotschwar has submitted records purporting to show the medical disability of one of her co-workers, which she argues demonstrate a hostile work environment. These records were not made part of the record before the Board and are therefore not properly before us. See <u>Mueller v. U.S. Postal Serv.</u>, 76 F.3d 1198, 1201-02 (Fed. Cir. 1996) ("Because we are limited to reviewing decisions of the Board based on the record before the deciding official, we decline to base our judgment on evidence that was not part of the record before the administrative judge." (citation omitted)). In any event, the disability of a co-worker is not relevant to Kotschwar's disability claim.

Before the Board, Kotschwar had the burden of proving that she was "unable, because of disease or injury, to render useful and efficient service in [her] position." 5 U.S.C. § 8451(a)(1)(B); <u>Trevan</u>, 69 F.3d at 522. As we established in <u>Brunner</u>, when an agency dismisses an employee because of that employee's disability, the burden of production shifts to the government. 996 F.2d at 294. When an employee who seeks FERS benefits has been terminated by the employing agency, the Board must first

determine whether the employee was terminated because of his or her disability (in which case the burden of production shifts to the government under <u>Brunner</u>), or whether the employee was terminated for some other reason (in which case the burden of production remains with the employee). <u>See</u> <u>id.</u> ("[T]he government's action in separating an employee for disablement produces a presumption of disability that serves to shift to the government the burden of production."). Here, the Board found that Kotschwar's removal was the result of her misconduct, not because of any disability. <u>See</u> <u>Initial Decision</u> at 8. Therefore, the Board correctly assigned the burden of proof to Kotschwar and found that she had not carried it. <u>See</u> <u>id.</u> We therefore conclude that the Board did not depart from any important procedural right, misconstrue governing legislation, or commit any similar error requiring reversal.

III. CONCLUSION

For the foregoing reasons, we <u>affirm</u> the order of the Board.

COSTS

No costs.