NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEITH G. COLLINS,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2024-1390

---

Petition for review of the Merit Systems Protection Board in No. DE-1221-23-0166-W-1.

---

Decided:  September 19, 2024

---

KEITH GRIFFIN COLLINS, Sierra Vista, AZ, pro se.

RAFAEL SHAPIRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before DYK, CHEN, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Keith G. Collins appeals a final decision by the Merit Systems Protection Board (Board) denying his request for corrective action under the Whistleblower Protection Act (WPA). The Board found that Mr. Collins failed to establish a prima facie case of whistleblower reprisal by failing to prove that his protected whistleblowing activity was a contributing factor in his non-selection for a promotion by the United States Department of the Army (Army). *Collins v. Dep't of the Army*, No. DE-1221-23-0166-W-1, 2023 WL 9979112 (M.S.P.B. Dec. 12, 2023) (*Decision*).[1] For the reasons discussed below, we *affirm*.

BACKGROUND

For the relevant time period, including February through May 2022, Mr. Collins was employed by the Army as a Lead Firefighter for the Fire Protection and Prevention Division of the Directorate of Emergency Services at Fort Huachuca, Arizona.

On February 16, 2022, the union president of the American Federation of Government Employees, Local 1662, filed a grievance against the Army alleging violations of a collective bargaining agreement, federal law, and Army regulations. SAppx. 17–30. Mr. Collins claims that, as a union officer, he played a significant role in the filing of the union grievance, including construction of the grievance document, research of claims, and assistance in the drafting process.

On March 16, 2022, the Army posted a vacancy for the role of Supervisory Firefighter, and Mr. Collins applied for the position. In accordance with the agency's hiring policy,

---

[1] Because the electronic version of the Board's decision lacks pagination, we employ the pagination used in the Board's decision at SAppx. 1–16. "SAppx." refers to the supplemental appendix submitted with the government's informal brief.

the Army convened a hiring panel that rated, ranked, interviewed, and scored the applicants. While Mr. Collins earned the second highest final score, the selecting official, Bradley Nicholson, selected the highest-scoring applicant for the position. On May 8, 2022, Mr. Collins was notified that he was not selected for the position.

Mr. Collins subsequently filed a complaint to the Office of Special Counsel (OSC) alleging that his non-selection constituted whistleblower reprisal for his role in filing the February 16, 2022 union grievance. On February 22, 2023, OSC closed the complaint.

On March 13, 2023, Mr. Collins timely filed an individual right of action (IRA) appeal. On December 12, 2023, the administrative judge issued an initial decision denying Mr. Collins's request for corrective action due to Mr. Collins's failure to establish a prima facie case of whistleblower reprisal. *Decision* at 3–7. Specifically, the administrative judge determined that Mr. Collins had established that his participation in the February 16, 2022 union grievance constituted protected whistleblowing, but that he had failed to prove that his union activity was a contributing factor in his non-selection for the Supervisory Firefighter role. *Id.* at 4, 7. The administrative judge's initial decision became the Board's final decision on January 16, 2024. *See* 5 C.F.R. § 1201.113.

Mr. Collins timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court's review of a final Board decision is limited by statute. We must affirm the decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Cobert v. Miller*, 800 F.3d 1340, 1347–

48 (Fed. Cir. 2015).  The Board's decision is supported by substantial evidence if there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dickey v. Off. of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"[T]o prevail in an IRA appeal alleging retaliation for protected disclosures under the WPA, the burden falls on the employee to show by a preponderance of the evidence that (1) a protected disclosure was made; and (2) the disclosure was a contributing factor in the adverse personnel action." *Carson v. Dep't of Energy*, 398 F.3d 1369, 1377 (Fed. Cir. 2005); *see* 5 U.S.C. § 1221(e)(1).

Mr. Collins alleges the Board erred because the administrative judge "incorrectly decided [and/or] failed to take into account certain facts."  Petitioner's Opening Br. 16 (emphasis omitted).  To support his position, Mr. Collins presents several pieces of extra-record evidence.  *Id.* at 8–16; Petitioner's Reply Br. 14.

As a preliminary matter, we are unable to consider Mr. Collins's newly submitted evidence.  Evidence that was not presented to the Board is not part of the record on appeal and is not properly before us.  *Turman-Kent v. Merit Sys. Prot. Bd.*, 657 F.3d 1280, 1283 (Fed. Cir. 2011).  Mr. Collins requests that we accept his submission of supplemental evidence pursuant to 5 C.F.R. § 1201.115(d), which provides that the Board may grant a petition for review upon a showing of new and material evidence that was not previously available when the record closed despite the petitioner's due diligence.  But this regulation applies to the Board, not to this court on appeal.  "Because we are limited to reviewing decisions of the Board based on the record before the deciding official, we decline to base our judgment on evidence that was not part of the record before the administrative judge." *Mueller v. U.S. Postal Serv.*, 76 F.3d 1198, 1201–02 (Fed. Cir. 1996) (citation omitted).

We next address the arguments that Mr. Collins makes that do not rely on extra-record evidence. First, Mr. Collins contends that the Board erred in finding that the selecting official did not have knowledge of his whistleblowing activity, and thus that the "knowledge/timing test" had not been met. Under the "knowledge/timing test" set forth in 5 U.S.C. § 1221(e)(1), an employee may demonstrate whistleblower reprisal occurred by showing that "(A) the official taking the personnel action knew of the disclosure or protected activity" (i.e., knowledge); and "(B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action" (i.e., time). *See Kewley v. Dep't of Health & Hum. Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Mr. Collins argues that his participation in a prior grievance "provides evidence that Mr. Nicholson (the Agency hiring official) would have known of Mr. Collins['s] participation" in the February 16, 2022 union grievance. Petitioner's Opening Br. 8–9. Mr. Collins also alleges that the February 16, 2022 union grievance "directly references" Mr. Collins's prior grievance. *Id.* at 9 (citing SAppx. 22).

Although the February 16, 2022 union grievance refers to an August 2021 "employee grievance," SAppx. 22, Mr. Collins is not identified by name in the union grievance, SAppx. 17–30. Furthermore, the administrative judge weighed Mr. Collins's assertions against Mr. Nicholson's testimony that he was unaware of the February 16, 2022 union grievance until after Mr. Collins's non-selection. The administrative judge credited Mr. Nicholson's representations as "detailed, plausible, and credible," *Decision* at 5, and "credibility determinations of an administrative judge are virtually unreviewable on appeal," *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002). The administrative judge also considered Mr. Collins's argument that Mr. Nicholson had knowledge of his union

activity because Mr. Nicholson attended a meeting of Supervisory Firefighters that Mr. Collins asserts was held to discuss the union grievance. But the administrative judge gave this argument "no evidentiary weight" because Mr. Collins "fail[ed] to indicate that he personally attended the meeting, and he cite[d] no source for his assertions about it." *Decision* at 5. Finally, the administrative judge "considered whether the record otherwise indicated anything about the grievance or nonselection to suggest the agency knew about [Mr. Collins's] involvement in the grievance" and concluded it did not. *Decision* at 5–6. We find that substantial evidence supports the administrative judge's conclusion that the selecting official did not have knowledge of Mr. Collins's protected activity.

Second, Mr. Collins claims that the Army violated 5 C.F.R. § 300.604(b)(2) by hiring a candidate who Mr. Collins asserts did not meet the requisite Time-in-Grade qualification. Petitioner's Opening Br. 12–13. But the Board addressed this argument in a separately docketed action, in which it dismissed for lack of jurisdiction. *See Decision* at 1 n.1; *Collins v. Dep't of the Army*, No. DE-300A-23-0167-I-1, 2023 WL 3580457 (M.S.P.B. May 15, 2023). Mr. Collins's challenge to the Army's hiring practices is thus not within the scope of this appeal.

Because substantial evidence supports the Board's finding that the selecting official did not have knowledge of Mr. Collins's protected activity, and therefore Mr. Collins's protected activity was not a contributing factor in his nonselection, we affirm the Board's determination that Mr. Collins did not meet his burden to establish whistleblower reprisal.

## CONCLUSION

We have considered Mr. Collins's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's decision.

## AFFIRMED

COSTS

No costs.