91 F.3d 168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Albert J. PROVENCHER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent,
and
United States Postal Service, Intervenor.
 No. 95-3615.
 United States Court of Appeals, Federal Circuit.
 June 3, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The Merit Systems Protection Board moves for summary affirmance of the Board's decision dismissing Albert J. Provencher's appeal as untimely. The Board states that the United States Postal Service consents. Provencher has not responded.
 
 
 2
 This petition for review stems from the restructuring the Postal Service implemented in 1992 and 1993. The case was stayed pending the resolution of Krizman v. Merit Sys. Protection Bd., 77 F.3d 434 (Fed.Cir.1996), and a companion case, Mueller et al. v. Merit Sys. Protection Bd., 76 F.3d 1198 (Fed.Cir.1996).
 
 
 3
 Provencher, a former Postal Service employee, accepted an early retirement incentive offered during the restructuring and retired from the Postal Service with a lump-sum bonus. In 1994, over two years after retiring, Provencher filed an appeal with the Board asserting that his retirement was involuntary.
 
 
 4
 The Administrative Judge (AJ) dismissed Provencher's appeal as untimely, determining that Provencher had not established good cause to excuse his untimely filing. In finding an absence of good cause, the AJ determined that retirement is presumed to be voluntary and an employee who retires is not entitled to notice of appeal rights unless the employee informs the agency that he or she considers the retirement involuntary. The AJ noted that Provencher did not notify the Postal Service that he believed his retirement was involuntary and did not exercise due diligence in discovering and pursuing a right of appeal. Thus, the AJ concluded that Provencher had failed to show good cause for his untimely appeal. After the Board denied Provencher's petition for review, Provencher petitioned this court for review.
 
 
 5
 In Krizman and Mueller, the Board dismissed petitioners' appeals, determining that petitioners had not established good cause to excuse the untimely filing of their appeals. Petitioners contended that the Postal Service misinformed them about the nature of the restructuring, i.e., that it was in fact a reduction in force (RIF), and failed to inform them of the attendant rights for preference eligibles faced with a RIF. We held that only those employees who were released from their competitive level by separation, by demotion, or by certain furloughs or reassignments were subjected to an appealable RIF action and were, therefore, entitled to notification of appeal rights. Krizman, 77 F.3d at 438-39; Mueller, 76 F.3d at 1201. Because Krizman and Mueller had not been assigned to lower-graded positions, they were not entitled to notification of appeal rights. Further, in Mueller we held that an employee's retirement is presumed to be voluntary. Mueller, 76 F.3d at 1201. Because the petitioners did not place the Postal Service on notice that they considered their retirements to be involuntary, the Postal Service did not violate a duty to notify petitioners of their appeal rights. We concluded in both cases that the Board's interpretation of its good cause regulation was reasonable and that the Board did not abuse its discretion in applying that regulation to the facts of each case. Krizman, 77 F.3d at 440; Mueller, 76 F.3d at 1204.
 
 
 6
 We agree with the Board that its decision in this case should be summarily affirmed based on our holdings in Krizman and Mueller. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, Provencher was a Postal Service employee who, like Krizman and Mueller, opted to retire during the restructuring of the Postal Service. Further, the AJ determined that Provencher did not place the Postal Service on notice that he considered his retirement to be involuntary. Provencher's case thus involves the same issues decided by the court in Krizman and Mueller.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Board's motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.