92 F.3d 1203
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John W. COVER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent,
and
United States Postal Service, Intervenor.
 No. 95-3537.
 United States Court of Appeals, Federal Circuit.
 July 1, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 The Merit Systems Protection Board moves for summary affirmance of the Board's decision dismissing John W. Cover's appeal as untimely. The Board states that the United States Postal Service consents. Cover has not responded.
 
 
 2
 This petition for review stems from the restructuring the Postal Service implemented in 1992 and 1993. The case was stayed pending the resolution of Krizman v. Merit Sys. Protection Bd., 77 F.3d 434 (Fed.Cir.1996), and a companion case, Mueller et al. v. Merit Sys. Protection Bd., 76 F.3d 1198 (Fed.Cir.1996).
 
 
 3
 Cover, a preference eligible employee, accepted an early retirement incentive offered during the restructuring and retired from the Postal Service with a lump-sum bonus. In 1994, approximately twenty-five months after retiring, Cover filed an appeal with the Board after receiving a letter from the Postal Service stating that he had the right to file an appeal within 30 days of the date of receipt of the letter.*
 
 
 4
 The Administrative Judge (AJ) dismissed Cover's appeal, determining that Cover had not established good cause to excuse the untimely filing of his appeal. In finding an absence of good cause, the AJ determined that a retirement is presumed to be voluntary and that an employee who retires is not entitled to notice of appeal rights unless the employee informs the agency that he or she considers the retirement involuntary. The AJ noted that Cover did not notify the Postal Service that he believed his retirement was involuntary or exercise due diligence in filing his appeal. Thus, the AJ concluded that Cover had failed to show good cause for his untimely appeal. Following the Board's denial of his petition for review, Cover petitioned this court for review.
 
 
 5
 In Krizman and Mueller, the Board dismissed the petitioners' appeals, determining that they had not established good cause for the untimely filing of their appeals. The petitioners contended that the Postal Service misinformed them about the nature of the restructuring, i.e., that it was in fact a reduction in force (RIF), and failed to inform them of the attendant rights for preference eligibles faced with a RIF. We held that only those employees who were released from their competitive level by separation, by demotion, or by certain furloughs or reassignments were subjected to an appealable RIF action and were, therefore, entitled to notification of appeal rights. Krizman, 77 F.3d at 438-39; Mueller, 76 F.3d at 1201. Because Krizman and Mueller had not been assigned to lower-graded positions, they were not entitled to notification of appeal rights. Further, in Mueller we held that an employee's retirement is presumed to be voluntary. Mueller, 76 F.3d at 1201. Because the petitioners did not place the Postal Service on notice that they considered their retirements to be involuntary, the Postal Service did not violate a duty to notify petitioners of their appeal rights. We concluded in both cases that the Board's interpretation of its good cause regulation was reasonable and that the Board did not abuse its discretion in applying that regulation to the facts of each case. Krizman, 77 F.3d at 440; Mueller, 76 F.3d at 1204.
 
 
 6
 We agree with the Board that its decision in this case should be summarily affirmed based on our holdings in Krizman and Mueller. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In this case, although Cover has not responded to the Board's motion for summary affirmance, we note that Cover has filed an informal brief. In his brief, Cover contends that he established good cause for the untimely filing of his appeal because he filed within 25 days after receiving the November 1994 letter from the Postal Service. We note, however, that the Postal Service cannot determine or excuse the timeliness of an appeal to the Board.
 
 
 7
 Further, Cover argues that the AJ was inconsistent in his application of the timeliness regulations because the AJ found that good cause existed to excuse an untimely filing in a case involving another Postal Service employee. The case cited by Cover, Tuleja v. United States Postal Service, involved a preference eligible employee who was demoted during the restructuring and was not advised of his appeal rights. Thus, the facts in Tuleja differ materially from those in Cover's case.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The Board's motion for summary affirmance is granted.
 
 
 10
 (2) Each side shall bear its own costs.
 
 
 
 *
 In this letter, which was addressed generally to preference eligible employees, the Postal Service states:
 It is the position of the Postal Service that your retirement was voluntary. However, if you believe that your retirement from the Postal Service during the fall of 1992 was involuntary, and if you have not already filed an appeal with the Merit Systems Protection Board (MSPB), you have the right to file an appeal with the appropriate MSPB regional or field office no later than 30 days from the date of your receipt of this letter.
 By advising you of your rights, the Postal Service does not waive its rights to raise any appropriate defense regarding jurisdiction, timeliness, or the merits of your appeal.