92 F.3d 1204
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William E. FOLEY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent,
and
United States Postal Service, Intervenor.
 No. 95-3748.
 United States Court of Appeals, Federal Circuit.
 July 3, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 The Merit Systems Protection Board moves for summary affirmance of the Board's decision dismissing William E. Foley's appeal as untimely. The Board states that the United States Postal Service consents. Foley submits a letter in response.[1]
 
 
 2
 This petition for review stems from the restructuring the Postal Service implemented in 1992 and 1993. The case was stayed pending the resolution of Krizman v. Merit Sys. Protection Bd., 77 F.3d 434 (Fed.Cir.1996), and a companion case, Mueller et al. v. Merit Sys. Protection Bd., 76 F.3d 1198 (Fed.Cir.1996).
 
 
 3
 Foley, a former Postal Service employee, accepted an early retirement incentive offered during the restructuring and retired from the Postal Service with a lump-sum bonus. In 1994, approximately two years after retiring, Foley filed an appeal with the Board after receiving a letter from the Postal Service stating that he had a right to file an appeal within 30 days of receipt of the letter.[2]
 
 
 4
 The Administrative Judge (AJ) dismissed the appeal as untimely filed, determining that Foley had not established good cause to excuse the untimely filing. In finding an absence of good cause, the AJ determined that the Board's decision in Jones v. United States Postal Serv., 65 M.S.P.R. 306 (1994), a "lead case" concerning good cause for filing an untimely appeal, was controlling and that a retirement is presumed to be a voluntary action and an employee who retires is not entitled to notice of appeal rights unless either the employee informs the agency or the circumstances show that he or she considers the retirement involuntary. The AJ noted that the Postal Service's letter was sent on the agency's own initiative and that the agency had no duty to inform Foley of any potential appeal rights because Foley did not put the Postal Service on notice that he considered his retirement to be involuntary. Ultimately, the AJ concluded that Foley had failed to show good cause for his untimely appeal and had not exercised due diligence in discovering and pursuing a right of appeal. After the Board denied Foley's petition for review, Foley petitioned this court for review.
 
 
 5
 In Krizman and Mueller, the Board dismissed petitioners' appeals, determining that petitioners had not established good cause to excuse the untimely filing of their appeals. Petitioners contended that the Postal Service misinformed them about the nature of the restructuring, i.e., that it was in fact a reduction in force (RIF), and failed to inform them of the attendant rights for preference eligibles faced with a RIF. We held that only those employees who were released from their competitive level by separation, by demotion, or by certain furloughs or reassignments were subjected to an appealable RIF action and were, therefore, entitled to notification of appeal rights. Krizman, 77 F.3d at 438-39; Mueller, 76 F.3d at 1201. Because Krizman and Mueller had not been assigned to lower-graded positions, they were not entitled to notification of appeal rights. Further, in Mueller we held that an employee's retirement is presumed to be voluntary. Mueller, 76 F.3d at 1201. Because the petitioners did not place the Postal Service on notice that they considered their retirements to be involuntary, the Postal Service did not violate a duty to notify petitioners of their appeal rights. We concluded in both cases that the Board's interpretation of its good cause regulation was reasonable and that the Board did not abuse its discretion in applying that regulation to the facts of each case. Krizman, 77 F.3d at 440; Mueller, 76 F.3d at 1204.
 
 
 6
 We agree with the Board that its decision in this case should be summarily affirmed based on our holdings in Krizman and Mueller. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In his response, Foley contends that his case differs from Krizman and Mueller and that the Postal Service misled him about the retirement option. Foley does not argue, however, that he notified the Postal Service at the time he retired that he considered his retirement to be involuntary.
 
 
 7
 We note that before the Board, Foley contended that his appeal was timely because it was filed immediately after he received the November 1994 letter. The Postal Service's letter appears to be an effort on its part to contact its former preference eligible employees to inform them generally of any putative appeal rights. As acknowledged by the Postal Service in that letter, however, the Postal Service did not waive the right to argue that any former employee's appeal was nonetheless untimely. Indeed, the Postal Service cannot determine or excuse the timeliness of an appeal to the Board.
 
 
 8
 In sum, Foley failed to establish that he informed the Postal Service that he considered his retirement to be involuntary. Foley's case thus rests on the same issues that were decided by the court in Krizman and Mueller.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The Board's motion for summary affirmance is granted.
 
 
 11
 (2) Each side shall bear its own costs.
 
 
 
 [1]
 The Board filed its motion on May 3, 1996. The court received Foley's letter on June 17, 1996. The court treats Foley's letter as a motion for leave to file a response out of time, with response attached, and grants it
 
 
 [2]
 In a November 4, 1994 letter from the Postal Service addressed to preference eligible retirees, the Postal Service states:
 It is the position of the Postal Service that your retirement was voluntary. However, if you believe that your retirement from the Postal Service during the fall of 1992 was involuntary, and if you have not already filed an appeal with the Merit Systems Protection Board (MSPB), you have the right to file an appeal with the appropriate MSPB regional or field office no later than 30 days from the date of your receipt of this letter.
 By advising you of this right of appeal, the Postal Service does not waive its right to raise any appropriate defense regarding jurisdiction, timeliness, or the merits of your appeal.