92 F.3d 1205
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David E. NEIL, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent,
and
United States Postal Service, Intervenor.
 No. 95-3490.
 United States Court of Appeals, Federal Circuit.
 July 3, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 The Merit Systems Protection Board moves for summary affirmance of the Board's decision dismissing David E. Neil's appeal as untimely. The Board states that the United States Postal Service consents. Neil has not responded.
 
 
 2
 This petition for review stems from the restructuring the Postal Service implemented in 1992 and 1993. The case was stayed pending the resolution of Krizman v. Merit Sys. Protection Bd., 77 F.3d 434 (Fed.Cir.1996), and a companion case, Mueller et al. v. Merit Sys. Protection Bd., 76 F.3d 1198 (Fed.Cir.1996).
 
 
 3
 Neil, a preference eligible employee, accepted an early retirement incentive offered during the restructuring and retired from the Postal Service with a lump-sum bonus. In 1994, twenty-two months after retiring, Neil filed an appeal with the Board asserting that his retirement was involuntary.
 
 
 4
 The Administrative Judge (AJ) dismissed Neil's appeal, determining that Neil had not established good cause to excuse the untimely filing of his appeal. In finding an absence of good cause, the AJ determined that a retirement is presumed to be voluntary and that an employee who retires is not entitled to notice of appeal rights unless the employee informs the agency that he or she considers the retirement involuntary. The AJ stated that Neil did not notify the Postal Service that he believed his retirement was involuntary or exercise due diligence in discovering and filing his appeal. Thus, the AJ concluded that Neil had failed to show good cause for his untimely appeal. Following the Board's denial of his petition for review, Neil petitioned this court for review.
 
 
 5
 In Krizman and Mueller, the Board dismissed the petitioners' appeals, determining that they had not established good cause to excuse their untimely appeals. The petitioners contended that the Postal Service misinformed them about the nature of the restructuring, i.e., that it was in fact a reduction in force (RIF), and failed to inform them of the attendant rights for preference eligibles faced with a RIF. We held that only those employees who were released from their competitive level by separation, by demotion, or by certain furloughs or reassignments were subjected to an appealable RIF action and were, therefore, entitled to notification of appeal rights. Krizman, 77 F.3d at 438-39; Mueller, 76 F.3d at 1201. Because Krizman and Mueller had not been assigned to lower-graded positions, they were not entitled to notification of appeal rights. Further, in Mueller we held that an employee's resignation or retirement is presumed to be voluntary. Mueller, 76 F.3d at 1201. Because the petitioners did not place the Postal Service on notice that they considered their retirements to be involuntary, the Postal Service did not violate a duty to notify petitioners of their appeal rights. We concluded in both cases that the Board's interpretation of its good cause regulation was reasonable and that the Board did not abuse its discretion in applying that regulation to the facts of each case. Krizman, 77 F.3d at 440; Mueller, 76 F.3d at 1204.
 
 
 6
 We agree with the Board that its decision in this case should be summarily affirmed based on our holdings in Krizman and Mueller. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In this case, although Neil has not responded to the Board's motion for summary affirmance, we note that Neil has filed an informal brief. In his brief, Neil contends that good cause existed for the untimely filing of his appeal because he acted promptly once he was aware of the basis of his claim. Neil cites this court's decision in Yuni v. Merit Sys. Protection Bd., 784 F.2d 381 (Fed.Cir.1986), in support of this proposition. However, this court determined in Krizman that Yuni, which concerned an agency's mischaracterization of a RIF action, was inapposite in circumstances where the employee was not forced to undergo a demotion or other RIF action. Krizman, 77 F.3d at 438. We stated that the Board's interpretation of its good cause regulation was "reasonable and consistently applied" to untimely appeals by retirees in Krizman's position when the Postal Service failed to advise them of all the possible consequences of not retiring. Id. at 440; see 5 C.F.R. § 1201.23(c).
 
 
 7
 Neil does not distinguish the facts of his case from those present in the Krizman and Mueller cases. Neil was a preference eligible employee who, like Krizman and Mueller, opted to retire during the restructuring of the Postal Service. Importantly, the AJ determined that Neil did not place the Postal Service on notice that he considered his retirement to be involuntary. Neil's case thus involves the same issues decided by the court in Krizman and Mueller.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The Board's motion for summary affirmance is granted.
 
 
 10
 (2) Each side shall bear its own costs.