95 F.3d 1168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth E. BOHEIM, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent,
and
United States Postal Service, Intervenor.
 No. 95-3400.
 United States Court of Appeals, Federal Circuit.
 Aug. 20, 1996.
 
 Before RICH, LOURIE, and CLEVENGER, Circuit Judges.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Merit Systems Protection Board moves for summary affirmance of the Board's decision dismissing Kenneth E. Boheim's appeal as untimely. The Board states that the United States Postal Service consents. Boheim moves for leave to file an opposition out of time, with opposition attached. Boheim states that the Board consents to the filing of the opposition out of time.
 
 
 2
 This petition for review stems from the restructuring the Postal Service implemented in 1992 and 1993. The case was stayed pending the resolution of Krizman v. Merit Sys. Protection Bd., 77 F.3d 434 (Fed.Cir.1996), and a companion case, Mueller v. Merit Sys. Protection Bd., 76 F.3d 1198 (Fed.Cir.1996).
 
 
 3
 Boheim, a preference eligible employee, accepted an early retirement incentive offered during the restructuring and retired from the Postal Service with a lump-sum bonus. In 1994, approximately two years after retiring, Boheim filed an appeal with the Board after receiving a letter from the Postal Service stating that he had a right to file an appeal within 30 days of receipt of the letter.*
 
 
 4
 The Administrative Judge (AJ) dismissed Boheim's appeal as untimely, determining that Boheim had not established good cause to excuse the untimely filing. In finding an absence of good cause, the AJ determined that retirement is presumed to be voluntary and an employee who retires is not entitled to notice of appeal rights unless the employee informs the agency that he or she considers the retirement involuntary. The AJ noted that there was no evidence that Boheim notified the Postal Service that he believed his retirement was involuntary. The AJ further determined that Boheim did not exercise due diligence in determining whether he had a right to appeal. Thus, the AJ concluded that Boheim had failed to show good cause for his untimely appeal. This petition for review followed.
 
 
 5
 In Krizman and Mueller, the Board dismissed the petitioners' appeals, determining that petitioners had not established good cause to excuse the untimely filing of their appeals. Petitioners contended that the Postal Service misinformed them about the nature of the restructuring, i.e., that it was in fact a reduction in force (RIF), and failed to inform them of the attendant rights for preference eligibles faced with a RIF. We held that only those employees who were released from their competitive level by separation, by demotion, or by certain furloughs or reassignments were subjected to an appealable RIF action and were, therefore, entitled to notification of appeal rights. Krizman, 77 F.3d at 438-39; Mueller, 76 F.3d at 1201. Because Krizman and Mueller had not been assigned to lower-graded positions, they were not entitled to notification of appeal rights. Further, in Mueller we held that an employee's retirement is presumed to be voluntary. Mueller, 76 F.3d at 1201. Because the petitioners did not place the Postal Service on notice that they considered their retirements to be involuntary, the Postal Service did not violate a duty to notify petitioners of their appeal rights. We concluded in both cases that the Board's interpretation of its good cause regulation was reasonable and that the Board did not abuse its discretion in applying that regulation to the facts of each case. Krizman, 77 F.3d at 440; Mueller, 76 F.3d at 1204.
 
 
 6
 We agree with the Board that its decision in this case should be summarily affirmed based on our holdings in Krizman and Mueller. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In his opposition, Boheim argues that (1) the AJ erred in dismissing the appeal because he made a nonfrivolous allegation of Board jurisdiction, (2) he was entitled to a hearing on the issue of Board jurisdiction, (3) the facts of Mueller do not apply to this case because the Board gave him notice of appeal rights in the November 1994 letter, and (4) the retirement was involuntary because he was given misleading information by the agency that he relied on in deciding whether to retire.
 
 
 7
 With regard to the last argument, Boheim misapprehends the nature of the issue in this case. There was no question that Boheim did not appeal within 20 days of his retirement. Thus, unless Boheim alleged facts showing that there was good cause to excuse the late filing of the appeal, the Board did not need to reach the jurisdictional issue. In Krizman and Mueller, the court held that unless employees allege that they notified the Postal Service at the time of retirement that they considered their retirements to be involuntary, the Postal Service did not violate a duty to notify the employees of their appeal rights. We concluded in both cases that the Board's interpretation of its good cause regulation was reasonable and that the Board did not abuse its discretion in applying that regulation to the facts of each case. Krizman, 77 F.3d at 440; Mueller, 76 F.3d at 1204. In this case, like Krizman and Mueller, there was no evidence that Boheim notified the Postal Service that he considered his retirement to be involuntary.
 
 
 8
 Turning to Boheim's second argument, in Mueller, the AJ did not hold a hearing on the issue of untimeliness. The AJ advised each petitioner that all of the appeals appeared to be untimely and she ordered each petitioner to show cause for the untimely filing. Mueller, 76 F.3d at 1200. The AJ determined that the Board's decision in Jones v. United States Postal Serv., 65 M.S.P.R. 306 (1994), a "lead case" concerning good cause for filing an untimely appeal, was controlling, a retirement is presumed to be a voluntary action, and employees who retire are not entitled to notice of appeal rights unless they notified the Postal Service that they considered their retirement to be involuntary. Id. Finding that there was no evidence that petitioners notified the Postal Service they considered their retirements to be involuntary, and because there was no evidence that the petitioners exercised due diligence in discovering and pursuing a right of appeal, the AJ dismissed each appeal. Id. The AJ did not consider, as an alternative basis for dismissing each appeal, whether the petitioners had voluntarily retired. See, e.g., Krizman, 77 F.3d at 437. In this case, like Mueller, the AJ only considered the issue of untimeliness, an independent basis for dismissing Boheim's appeal.
 
 
 9
 Third, Boheim argues that his appeal was timely because he appealed after receiving the November 1994 letter from the Postal Service. That letter appears to be an effort on the Postal Service's part to contact former preference eligible employees to inform them generally of any putative appeal rights. As acknowledged by the Postal Service in that letter, however, the Postal Service did not waive the right to argue that any former employee's appeal was nonetheless untimely. Indeed, the AJ concluded correctly that the Postal Service cannot extend appeal rights to the Board that are not otherwise consistent with law or regulation.
 
 
 10
 Ultimately, Boheim's arguments notwithstanding, this case involves the same issues decided by the court in Krizman and Mueller.
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 (1) The Board's motion for summary affirmance is granted.
 
 
 13
 (2) Boheim's motion for leave to file an opposition out of time is granted.
 
 
 14
 (3) Each side shall bear its own costs.
 
 
 
 *
 In a November 4, 1994 letter from the Postal Service addressed to preference eligible retirees, the Postal Service states:
 It is the position of the Postal Service that your retirement was voluntary. However, if you believe that your retirement from the Postal Service during the fall of 1992 was involuntary, and if you have not already filed an appeal with the Merit Systems Protection Board (MSPB), you have the right to file an appeal with the appropriate MSPB regional or field office no later than 30 days from the date of your receipt of this letter.
 By advising you of this right of appeal, the Postal Service does not waive its right to raise any appropriate defense regarding jurisdiction, timeliness, or the merits of your appeal.