NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3160

TEEIA PHILLIPS,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

———————————————

DECIDED: October 11, 2005

———————————————

Before LOURIE, LINN, and PROST, Circuit Judges.

PER CURIAM.

Teeia A. Phillips ("Phillips") appeals from a final decision of the Merit Systems Protection Board ("Board"), affirming the decision of the Department of the Air Force ("Air Force") removing Phillips from her position as Criminal Investigator, GS-11, at the Office of Special Investigations' Detachment in Smyrna, Georgia. See Phillips v. Dep't of the Air Force, No. AT-0752-03-0922-I-1 (M.S.P.B. Feb. 18, 2005). We find no reversible error in the Board's decision and therefore affirm.

BACKGROUND

On April 17, 2003, while on assignment at Fort Belvoir, Virginia, Phillips was observed via closed circuit television switching the price tag of a large black Coach wallet, priced at $140, with a lower price tag of $40 from a small business card holder. After switching the price tags, Phillips paid $40 for the higher priced Coach wallet and

attempted to leave the store. Security officials detained Phillips and notified Fort Belvoir Military Police, who apprehended her for shoplifting. Following this incident, the Air Force removed Phillips from her Criminal Investigator position.

On September 7, 2003, Phillips appealed her removal to the Board. Following a hearing, the administrative judge sustained the charge against Phillips, and determined the agency's penalty of removal was justified. The Board denied Phillips's petition for review, and the initial decision became the final decision of the Board on February 18, 2005.

Phillips appealed. We have jurisdiction from an appeal of a final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9).

ANALYSIS

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Phillips does not argue that the Board committed legal errors, but instead points to evidence that she claims has a bearing on the Board's decision. Phillips's only argument on appeal is that the Board's decision was improper in view of the dismissal of the criminal charges against her on September 3, 2003. However, Phillips did not present this argument in her appeal form to the Board, and she does not allege that it

was otherwise presented to the Board.  See Mueller v. United States Postal Serv., 76 F.3d 1198, 1201-02 (Fed. Cir. 1996) (affirming the Board's dismissal and stating that "we are limited to reviewing decisions of the Board based on the record before the deciding official").  Furthermore, even if it was properly before us, Phillips's argument lacks merit.  It is not necessary for Phillips to be convicted of a criminal offense for the agency's charge to be sustained.  Smith v. United States Postal Serv., 789 F.2d 1540, 1541 n.1 (Fed. Cir. 1986) (stating that dismissal of criminal charges does not weaken an agency's case of removal); see Serrano v. United States, 612 F.3d 525, 530 (Ct. Cl. 1979) (noting that an acquittal of charges at court martial did not preclude agency from independently determining whether an employee acted improperly).  Because Phillips has failed to establish reversible error in the Board's decision, we affirm.