NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MORTIMER PHILBERT,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3029

---

Petition for review of the Merit Systems Protection Board in No. DC0752130165-I-1.

---

Decided: February 7, 2014

---

MORTIMER PHILBERT of Woodbridge, Virginia, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before CHEN, CLEVENGER, and HUGHES, *Circuit Judges.*

PER CURIAM.

Mortimer Philbert Sr. appeals from a final order of the Merit Systems Protection Board. The Board dismissed his petition for review of its earlier initial decision, finding the petition untimely and without good cause shown for the filing delay. Because the Board did not abuse its discretion and acted in accordance with the law, we affirm.

I.

The Department of Health and Human Services employed Mr. Philbert as a Maintenance Mechanic until it removed him in 2010. Mr. Philbert appealed his removal to the Board and eventually settled with the Agency. As part of the settlement, Mr. Philbert agreed to withdraw his appeal and follow the terms of a Last Chance Agreement ("LCA"). In return, the Agency agreed to hold Mr. Philbert's removal in abeyance provided he complied with the terms of the LCA for two years. Mr. Philbert also waived his right to a Board appeal from any future removal based on his violation of the terms of the LCA.

In November 2012, the Agency determined that Mr. Philbert had violated the terms of the LCA. The Agency again removed Mr. Philbert from his position. Mr. Philbert filed a timely appeal of this removal to the Board through his representative. Because Mr. Philbert had previously waived his right to appeal from an alleged violation of the terms of the LCA, the administrative judge sent an order to Mr. Philbert explaining what he must show to establish the Board's jurisdiction to hear his appeal and ordered him to submit the requested information. Mr. Philbert never responded to the order. On January 7, 2013, the administrative judge issued an initial decision dismissing Mr. Philbert's appeal for lack of jurisdiction. The administrative judge found that Mr. Philbert had waived his right to appeal in the earlier settlement agreement and that he had failed to provide

information supporting his allegation that the Board should nonetheless have jurisdiction over his appeal.

The Board's initial decision stated that it would become final on February 11, 2013, and provided the filing deadlines for Mr. Philbert to petition for review. The Board required Mr. Philbert to petition for review by February 11, 2013, or, if he received the initial decision more than five days after it issued, within 30 days of receiving the decision. Mr. Philbert missed the February deadline and, instead, filed a petition for review on July 13, 2013.

Mr. Philbert did not state a reason for his delay in filing in his petition of July 13, 2013. The Board issued an acknowledgement letter on August 1, 2013, notifying Mr. Philbert that he must submit a motion with evidence showing good cause for his delay. The acknowledgement letter included a form that he could fill out to submit this motion. He did not submit the form and did not respond to the Board's letter. The Board found that Mr. Philbert had not shown good cause for his delay in petitioning for review of the initial decision. Accordingly, the Board dismissed the petition as untimely.

## II.

Our review of the Board's decisions is limited by statute. Under 5 U.S.C. § 7703(c), we set aside any action, finding, or conclusion that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Id*.

Mr. Philbert's petition for review to the Board was untimely. In the letter acknowledging receipt of his petition, the Board ordered Mr. Philbert to establish good cause for the late filing and included directions and a form that he could use to provide the reasons his delay should be excused. Mr. Philbert did not respond to that letter and, therefore, did not provide any reason to the Board to excuse his untimely filing.

Now, for the first time on appeal, Mr. Philbert attempts to explain his initial delay in filing his petition for review. He states that he was evicted from his place of residence in December 2012, moved into a shelter from January 5, 2013, through May 3, 2013, and was unable to receive correspondence during this time. He also claims that his union representative did not properly represent him. Had Mr. Philbert provided these reasons to the Board in response to its August 1 order, the Board could have considered them in determining whether to excuse his untimely filing.

Mr. Philbert bears the burden of demonstrating excusable delay. *Mendoza*, 966 F.2d at 653. He has not carried this burden. He did not explain his delay to the Board, nor has he provided this court any reason for his failure to provide any such explanation to the Board. While we are sympathetic to Mr. Philbert's circumstances, we cannot consider new evidence that the Board never received. *Mueller v. U.S. Postal Serv.*, 76 F.3d 1198, 1201–02 (Fed. Cir. 1996). The Board, therefore, did not abuse its discretion in finding that Mr. Philbert failed to show good cause for the untimely filing of his petition for review.

## III.

For these reasons, we affirm the Board's dismissal of Mr. Philbert's petition for review because his petition was untimely.

## AFFIRMED

### Costs

No costs.