NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MANUEL LAZARO,**
*Petitioner,*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2013-3057

---

Petition for review of the Merit Systems Protection Board in No. AT3330-10-1005-M-1.

---

May 13, 2014

---

MANUEL LAZARO, of Homestead, Florida, pro se.

DOUGLAS G. EDELSCHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, Assistant Director.

---

Before RADER, *Chief Judge*, DYK, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Manuel Lazaro appeals from a final order of the Merit Systems Protection Board (Board) denying his claim for relief under the Veterans Employment Opportunities Act (VEOA). Mr. Lazaro's case returns to us after we remanded it to Board for a decision on the merits. *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1321 (Fed. Cir. 2012). On remand, the Board found that the Department of Veterans Affairs (VA or the agency) properly considered all of the appellant's experience under 5 C.F.R. § 302.302(d) and correctly determined that he was not qualified for the position he sought. We *affirm*.

## BACKGROUND

On August 10, 2009, Mr. Lazaro, a preference eligible veteran, applied for an Information Technology (IT) specialist position with the Miami VA Healthcare System. The vacancy announcement for this position described its "qualification requirements" as "[o]ne (1) year [of] specialized experience equivalent to at least the GS–9 level in [the] Federal Service." Respondent's Joint Appendix (R.A.) 63. The announcement also stipulated that certain levels of education could be substituted for this year of "specialized experience," namely, a Ph.D. or equivalent doctoral degree, or three full years of progressively higher level graduate education leading to a Ph.D. or equivalent doctoral degree.

Pursuant to 30 U.S.C. § 4214(b), Mr. Lazaro was eligible for certain veterans' preferences. Mr. Lazaro's application stated that he had six months of experience as a medical coder at the GS–7 level with collateral duties as an assistant Automated Data Processing Application

Coordinator (ADPAC).[1] His application also specified that he had fifty-three credits of relevant educational experience. Finally, in the "Other Qualifications" section of his application, Mr. Lazaro indicated that he had experience as a "Computer Repair Tech[nician]" and had received "various incentive awards." R.A. 32. The Human Resources Specialist who reviewed Mr. Lazaro's application concluded that his experiences and education level fell short of the full year of specialized experience at the GS–9 level, or the educational equivalent thereof, necessary for the IT Specialist position. Accordingly, on September 2, 2009, Mr. Lazaro was informed by letter that he was not considered for the position.

On August 30, 2010, after exhausting his rights before the Department of Labor, Mr. Lazaro filed an appeal with the Board, asserting that the VA violated 38 U.S.C. § 4214(b) and 5 C.F.R. § 302.302(d) when it did not select him for the position of IT specialist. The Administrative Judge (AJ) concluded that the Board lacked authority to review the merits of the agency's non-selection of Mr.

---

[1]    Mr. Lazaro's assistant ADPAC position does not appear to have possessed a specific GS level designation, but he contends that this position carried a designation equivalent to the GS–9 level. According to the Human Resources Specialist that reviewed Mr. Lazaro's application, "there is no grade level requirement for a service's designated ADPAC, nor are the duties classified at any particular grade level." R.A. 28. Nevertheless, Mr. Lazaro contends that other services, such as the Fiscal Service, do designate a GS level for their ADPACs: "appellant submits two promotion announcements of Fiscal Systems Analyst[s], showing that in the Fiscal Service they designate ADPAC[s] at the GS–9 level." Appellant's Br. 15. Mr. Lazaro has not submitted further evidence that his particular ADPAC position was designated at the GS–9 level.

Lazaro. The Board affirmed, and Mr. Lazaro appealed to this court. Reversing, we explained that "[t]here is simply no way to analyze whether a veteran's preference rights were violated without examining the grounds upon which the veteran's non-selection was predicated." *Lazaro*, 666 F.3d at 1320. We then remanded Mr. Lazaro's case to the Board for further consideration.

On remand, the Board allowed the parties to submit supplemental evidence and argument regarding the propriety of the agency's determination. The government submitted an additional declaration from the Human Resources Specialist that reviewed Mr. Lazaro's application, and Mr. Lazaro submitted additional documentation of his qualifications for the position at issue— documentation which he did not include in his original application. On November 15, 2012, after reviewing the additional information presented, the Board denied Mr. Lazaro's petition for review. The Board concluded that the declaration of the Human Recourses Specialist was credible, and "any asserted prior experience that the appellant raised for the first time on appeal" was "irrelevant because the appellant did not include it in his application for the position." R.A. 10. Mr. Lazaro filed an appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision to deny Mr. Lazaro's petition unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

As we explained in our previous decision, the Veterans' Preference Act of 1944, Pub. L. No. 359, ch. 287, 58 Stat. 390, gives preference eligible veterans certain advantages when seeking federal employment. *Lazaro*, 5

F.3d at 1318 (citing *Mitchell v. Cohen*, 333 U.S. 411, 418–19 (1948)). In particular, agencies must comply with special statutes and regulations when determining whether a particular veteran is qualified for a given position. *See Kirkendall v. Dep't of Army,* 573 F.3d 1318, 1324 (Fed. Cir. 2009); *Phillips v. Dep't of Navy,* 110 M.S.P.R. 184, 189 (2008). For example, when experience is a factor in determining qualification for a posted position, a preference eligible veteran is entitled to be credited for all of his valuable experience, including experience gained "in religious, civic, welfare, service, and organizational activities, regardless of whether pay was received therefor." 5 C.F.R. § 302.302(d); *see also* 5 U.S.C. § 3311(2) ("In examinations for the competitive service in which experience is an element of qualification, a preference eligible is entitled to credit . . . for all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether he received pay therefor."). If an agency hiring decision violates these rights, preference eligible veterans may secure relief by filing a claim challenging the agency's decision. 5 U.S.C. § 3330a.

In this case, only one qualification is at issue: whether Mr. Lazaro possesses "[o]ne (1) year [of] specialized experience equivalent to at least the GS–9 level in [the] Federal Service [or the educational equivalent thereof]." R.A. 63. Mr. Lazaro continues to argue that the VA did not comply with 5 C.F.R. § 302.302(d) in determining his qualifications, and therefore violated his opportunity to compete for the IT Specialist position under 5 U.S.C. § 3304(f)(1).

I

During the remand proceedings, the agency submitted an additional declaration from the Human Resources

Specialist who reviewed Mr. Lazaro's application and accompanying documents, John Mondragon. The declaration averred that Mr. Mondragon fully reviewed Mr. Lazaro's application, including Mr. Lazaro's six months of experience as a medical coder, his experience as an assistant ADPAC, his various awards, and his experience as a Medical Specialist in the Army. Mr. Mondragon also examined Mr. Lazaro's educational achievements, including his certification of completion for a VA Learning University (VALU) Course for Basic Networking and 53 hours of study at Miami Dade College. Despite these achievements, Mr. Mondragon ultimately concluded that Mr. Lazaro was "unable to substitute education . . . for experience." R.A. 30.

The Board found that Mr. Mondragon's declaration constituted a "detailed and persuasive explanation as to why he found the appellant not qualified for the position." R.A. 9. Relying on Mr. Mondragon's statement as well as other evidence, the Board held that the agency properly "credited and considered all of the valuable experience reflected in the appellant's application for the position," R.A. 9, and "properly determined, in accordance with 5 C.F.R. § 302.302(d), that [Mr. Lazaro] was not qualified for the position." R.A. 10.

Mr. Lazaro has not submitted any evidence contradicting these findings. The Board's finding that the declaration is credible and indicates that the agency considered all of Mr. Lazaro's relevant experience in accordance with § 302.302(d) is supported by substantial evidence.

## II

Mr. Lazaro also argues that the Board erroneously rejected as irrelevant evidence of Mr. Lazaro's qualifications that he failed to submit with his original job application but presented to the Board on appeal. Specifically, Mr. Lazaro contends that the Board should have considered a

certificate for 600 hours of work experience as a microcomputer technician that he presented on appeal to the Board.[2] The government argues that this document should not be considered because Mr. Lazaro failed to submit it with his application for the position at issue.

Mr. Lazaro asserts that he did not submit the certificate documenting his 600 hours of work as a microcomputer technician with his application because the government form he completed to apply for the IT Specialist position, Form 612, instructed him not to send documentation unless requested. Form 612 reads in pertinent part:

Other Qualification: Job-related training courses (give title and year). Job-related skills (other languages, computer software/hardware, tools, machinery, typing speed, etc.). Job-related honors,

---

[2]  Mr. Lazaro also argues that the Board should consider documents relating to qualifications Mr. Lazaro received after he applied for the position at issue as well as documents he submitted for the first time in the present appeal. Documents relating to qualifications Mr. Lazaro received after his application for the IT Specialist position are irrelevant evidence. Documents that were not submitted to the Board during the remand, but instead submitted directly to this court on appeal, are also irrelevant. *See Turman-Kent v. Merit Sys. Prot. Bd.*, 657 F.3d 1280, 1283 (Fed. Cir. 2011) ("Because those items were not presented to the Board, they are not part of the record on appeal and are not properly before us."); *Mueller v. U.S. Postal Serv.*, 76 F.3d 1198, 1201–02 (Fed. Cir. 1996) ("Because we are limited to reviewing decisions of the Board based on the record before the deciding official, we decline to base our judgment on evidence that was not part of the record before the administrative judge." (citation omitted)).

> awards, and special accomplishments (publica-
> tion, membership in professional/honor societies,
> leadership activities, public speaking and perfor-
> mance awards). *Give dates, but do not send docu-*
> *ments unless requested.*

R.A. 32 (emphasis added). Based on these directions, Lazaro simply wrote "Computer Repair Tech., Basic Networking, Various Incentive Awards," R.A. 32, in the space directly below these instructions.[3] He now contends that he "was never afforded the opportunity to submit all of his additional supporting documents because he was following the instructions stated on Form 612[] Section G 'Do not send your documentation unless requested.'" Appellant's Br. 14.

Neither the agency nor the Board is required to consider work experience that the veteran did not describe in accordance with the agency's instructions in his application. Form 612 provided Mr. Lazaro with sufficient opportunity to describe his 600 hours of work as a computer technician and, indeed, expressly requested that he list the dates of such experience. Despite these instructions, Mr. Lazaro failed to communicate the nature and length of his work experience in a way that would enable an official reviewing his application to evaluate it. Although Form 612 requests that the applicant not send documentation unless requested, this instruction does not excuse the appellant's failure to provide an adequate description of his relevant experiences and the corresponding dates. The agency's decision not to hire Mr. Lazaro must be evaluated based on the information he provided to the agency. The government was not required to investigate

---

[3]    Additional space for descriptions of qualifications was provided on following page of Form 612.

Mr. Lazaro's perfunctory and dateless description of his "other qualifications." R.A. 32.

### III

Finally, Mr. Lazaro appears to contest the qualifications of the veteran who eventually received the IT Specialist position. The qualifications of the veteran whom the agency hired are irrelevant to this case.

**AFFIRMED**

No costs.