NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

**KATHY J. COURTNEY,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

2021-1717

Petition for review of the Merit Systems Protection Board in No. DC-844E-20-0850-I-1.

Decided:  November 10, 2021

KATHY J. COURTNEY, Raleigh, NC, pro se.

EBONIE I. BRANCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., TARA K. HOGAN.

Before NEWMAN, SCHALL, and PROST, *Circuit Judges*.

PER CURIAM.

Kathy Courtney seeks review of a decision by the Merit Systems Protection Board ("Board") affirming a decision by the Office of Personnel Management ("OPM") denying her application for disability retirement under the Federal Employees Retirement System ("FERS"). The Board, in reviewing OPM's decision, agreed that Ms. Courtney had not met one of the requirements for disability retirement: that the applicant's disability makes it impossible for the applicant to render useful and efficient service. As explained below, we affirm.

## BACKGROUND

Ms. Courtney was employed by the Equal Employment Opportunity Commission ("EEOC") as an Equal Opportunity Investigator. She was removed from her federal employment effective December 7, 2019. Removal was premised on a charge of being absent without leave ("AWOL"). Ms. Courtney appealed her removal, which the Board affirmed.

During this time, Ms. Courtney applied to OPM for disability retirement benefits. She asserted that she suffered from vision-related ailments, asthma, and diabetes. As a result of the vision problems, she said, she was unable to perform her duties, which were all computer-based, and she had difficulty commuting. In her disability retirement application, Ms. Courtney also said that she had requested reasonable accommodations that were not granted. The agency's alleged failure to provide these accommodations, she said, resulted in her missing work and being unable to perform useful and efficient service.

The agency completed its required materials for the disability application, including the Supervisor's Statement, Certificate of Reassignment and Accommodation Efforts, and Disability Retirement Application Checklist. Within those materials, the relevant agency employees indicated that requested reasonable accommodations *had* been provided and that Ms. Courtney's performance even

with her alleged disability "was not less than fully success-ful" (even if her conduct was unsatisfactory). App'x 2; *see* App'x 24–25. That is, in the agency's view, her perfor-mance had not suffered.

In April 2020, OPM denied Ms. Courtney's disability retirement application, concluding that she had failed to establish (1) that her medical condition was incompatible with useful service or (2) that the agency-provided reason-able accommodations were ineffective. App'x 2, 57–59. She filed a request for reconsideration (and additional evi-dence, as allowed), which OPM denied on August 3, 2020. App'x 23–25.

In September 2020, Ms. Courtney appealed OPM's de-cision to the Board. App'x 3. The administrative judge as-signed to the case concluded that although Ms. Courtney met some of the requirements for disability retirement, she had not established that she was unable "to render useful and efficient service" in light of her disability—a require-ment of the relevant statute. App'x 11; 5 U.S.C. § 8451(a)(1)(B). The administrative judge accordingly af-firmed OPM's decision, App'x 14, and that affirmance be-came the final decision of the Board, *see* App'x 14, 19.

Ms. Courtney next appealed to this court. We have ju-risdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

To be eligible for a disability retirement annuity under FERS, an employee must (1) have completed at least 18 months of creditable civilian service; (2) be unable, because of disease or injury, to render useful and efficient service in her position; and (3) not have declined a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103. The issue on appeal is the second of these requirements: whether Ms. Courtney was unable to render useful and efficient service in light of her disability.

The scope of this court's ability to review Board decisions is limited.  We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed;  or  (3) unsupported  by  substantial  evidence. 5 U.S.C. § 7703(c); *Yates v. MSPB*, 145 F.3d 1480, 1483 (Fed. Cir. 1998).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate  to  support  a  conclusion."   *McLaughlin  v. OPM*, 353 F.3d 1363, 1369 (Fed. Cir. 2004) (quoting *Matsushita Elec.  Indus.  Co.  v. United  States*,  750 F.2d  927,  933 (Fed. Cir. 1984)).

This court's power to review the Board is particularly limited in cases of denial of disability retirement under FERS.  In such cases, we do not have jurisdiction to review "the factual underpinnings of physical disability determinations."   *Anthony  v. OPM*,  58 F.3d  620,  626  (Fed. Cir. 1995); *see also id.* at 624–25 (noting that, with limited exceptions not relevant here, "OPM's factual findings and conclusions on disability may be reviewed only by the Board . . . and not by this court"); 5 U.S.C. § 8461(d).  But we "may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Anthony*, 58 F.3d at 626 (quoting *Lindahl v. OPM*, 470 U.S. 768, 791 (1985)); *see also id.* (considering "procedural, legal, or other fundamental error[s]" as among reviewable grounds).  That is, "we may only address the critical legal errors, if any." *Vanieken-Ryals v. OPM*, 508 F.3d 1034, 1038–39 (Fed. Cir. 2007).  Further, we are "limited to reviewing decisions of the Board based on the record before the deciding official" and may not consider "evidence that was not part of the record before the administrative judge." *Mueller v. USPS*, 76 F.3d 1198, 1201–02 (Fed. Cir. 1996).

The Board considered the evidentiary record before it, reviewed it in detail, and ultimately agreed with OPM that Ms. Courtney's position was not supported. The Board first observed that Ms. Courtney's "performance was highly successful on her last rating of record" before her absence. App'x 11. Further, her supervisor stated that her performance was "not less than fully successful in any critical element." App'x 11–12. Indeed, the Board observed that "there is no evidence that [Ms. Courtney's] performance was unsatisfactory." App'x 13–14. And although she was absent from work, the Board found that her "absence from work alone" was "insufficient to support a finding in favor of disability retirement." App'x 14.

Ms. Courtney argued that the agency failed to grant her reasonable accommodations, effectively forcing her out because of her disability. The Board, however, reviewed the record and found that each time Ms. Courtney requested reasonable accommodations, they were granted. App'x 12. Namely, "the agency granted the appellant more than 12 accommodations to include software to help her read and write and otherwise work on her computer, hardware for the same purpose, an adjusted work schedule and telework as appropriate in accordance with the appellant's request, as well as breaks when needed." App'x 12. Ms. Courtney had argued in particular that she was denied telework, a device called a "Reader," and the time to undergo certain software training related to her requested accommodations. App'x 12. But the record showed that (1) she *was* approved for telework but had withdrawn her own request for it, (2) she had not shown that she had requested a Reader and had failed to establish that the Reader was a necessary accommodation, and (3) the agency had said that her caseload expectations would be considered in light of the time it would take to learn the software and hardware for her accommodations. App'x 12–13. Finally, the Board concluded that Ms. Courtney had not identified any "medical record, report, or advice that would

suggest [that] she was unable to work on a computer at all or that the accommodations provided by the agency were inadequate to perform the duties of her position." App'x 13.

These determinations are findings of fact that we lack jurisdiction to consider. Accordingly, we cannot set aside the Board's conclusion that Ms. Courtney failed to show that she was unable "to render useful and efficient service" in light of her disability. And, although we have considered Ms. Courtney's other arguments regarding the Board's conclusion, we have identified no "procedural, legal, or other fundamental error," *Anthony*, 58 F.3d at 626, that would result in setting aside the Board's decision.

## CONCLUSION

We have considered Ms. Courtney's remaining arguments but find them unpersuasive.[1] For the reasons above, we affirm the Board's decision.

## **AFFIRMED**

## COSTS

No costs.

---

[1] Some of Ms. Courtney's arguments concern challenges to the removal itself. This appeal, however, is only about the denial of disability retirement by OPM. The alleged errors surrounding removal were not connected to OPM's disability-retirement findings—and Ms. Courtney has separately appealed her removal. *See Courtney v. EEOC*, No. 21-1628, slip op. (Fed. Cir. Nov. 10, 2021). We have also considered Ms. Courtney's Memorandum in Lieu of Oral Argument.